Juana Monreal
4414 Newton Ave
Spring Valley CA, 91977
(619) 694-6909

Plaintiff, In Pro Se

FILED

13 MAR 28 PM 2: 02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT

JUANA MONREAL,

　　　　Plaintiff,

　　vs.

GMAC MORTGAGE, LLC FKA
GMAC MORTGAGE CORPORATION;
DEUTSCHE BANK NATIONAL
TRUST COMPANY, A FEDERALLY
CHARTERED BANKING
INSTITUTION, AS TRUSTEE
PURSUANT TO THE
HARBOURVIEW MORTGAGE LOAN
PASS-THROUGH CERTIFICATES,
SERIES 2006-14; EXECUTIVE
TRUSTEE SERVICES LLC D/B/A ETS
SERVICES, LLC; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; ALL PERSONS
UNKNOWN CLAIMING ANY LEGAL
OR EQUITABLE RIGHT, TITLE,
ESTATE, LIEN OR INTEREST IN THE
PROPERTY DESCRIBED IN THE
COMPLAINT ADVERSE TO
PLAINTIFF'S TITLE, OR ANY
CLOUD ON PLAINTIFF'S TITLE
THERETO; AND DOES 1-50,
INCLUSIVE,

　　　　Defendants.

Case No: **13 CV 0743 AJB NLS**

COMPLAINT FOR MONETARY
DAMAGES, STATUTORY DAMAGES,
PUNITIVE DAMAGES, INJUNCTIVE
RELIEF, DECLARATORY RELIEF,
AND RESCISSION

⬥ VIOLATIONS OF CAL. BUS. &
PROF. CODE § 17200, ET SEQ.;
⬥ INTENTIONAL
MISREPRESENTATION;
⬥ NEGLIGENT
MISREPRESENTATION;
⬥ FRAUDULENT CONCEALMENT;
⬥ QUIET TITLE;
⬥ FOR DECLARATORY RELIEF;
⬥ VIOLATION OF 15 U.S.C. § 1611
ET SEQ;
⬥ VIOLATION OF 26 U.S.C. § 2605
ET SEQ;
⬥ VIOLATION OF 15 U.S.C. § 1602
ET SEQ; AND
⬥ VIOLATION OF 15 U.S.C. § 1692;

General Jurisdiction – Civil

**DEMAND FOR JURY TRIAL**

1

Plaintiff, Juana Monreal, an individual, In Pro Se (Hereinafter referred to as "Plaintiff") hereby alleges as follows:

## I. JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the claims in this action based on 28 U.S.C. §§ 1331, 1343, 2201, 2202, 15 U.S.C. § 1692, 12 U.S.C. § 2605, and 42 U.S.C. § 1983 which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.

2.     This Court also has supplemental jurisdiction over the pendant state law claims because they form a part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367.

3.     This Court has original jurisdiction over the claims in this action based on 28 U.S.C. § 1332 which confers original jurisdiction on federal district courts in suits between diverse citizens that involve an amount in controversy in excess of $75,000.00.

4.     The unlawful conduct, illegal practices, and acts complained of and alleged in this Complaint were all committed in the Southern District of California and involved real property that is located in the Southern District of California. Therefore, venue properly lies in this District, pursuant to 28 U.S.C. § 1391(b).

///

5.     Plaintiff is now and at all times mentioned herein, an individual residing in the County of San Diego, in the State of California. At all times relevant to this action, Plaintiff has owned real property commonly known as 4414 Newton Avenue, San Diego, California 92113 (the "Property"), furthers described as Assessor's Parcel Number 551-181-03-00, with the following description:

## II. PRELIMINARY STATEMENT

6.     This is an action for equitable relief and for damages resulting from the wrongful foreclosure proceedings of Plaintiff' Property. Plaintiff seeks her remedies as outlined below.

## III. PARTIES

7.     Plaintiff Juana Monreal is an individual consumer of more than 18 years of age and a resident of San Diego County, California.

8.     Defendant GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION ("GMAC"), formerly known as GMAC Mortgage Corporation with a principal place of business at 1100 Virginia Dr., Fort Washington, PA 19034. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, GMAC, either under its current name, or under the name of GMAC Mortgage Corporation, acted as the loan servicer for the subject loan of this action.

9.      Defendant Executive Trustee Services LLC, doing business as ETS Services, LLC ("ETS") at all times herein mentioned was doing business in the County of San Diego, State of California and was the substituted Trustee mentioned in the Substitution of Trustee and Notice of Default.

10.     Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a federally chartered banking institution that maintains a principal place of business at 1 Wall Street, New York, NY. Deutsche Bank is listed as Trustee pursuant to that the HarbourView Mortgage Loan Pass-Through Certificates, Series 2006-14 ("Investment Trust"). As Trustee for the Investment Trust, Deutsche Bank allegedly acquired a promissory note evidencing a loan of Mrs. Monreal for the financing of his interest in the Property ("Note") and the Deed of Trust ("DOT") by which that Note was secured by the Property.

11.     Plaintiff is informed, believes, and thereon alleges that at the time the Property was foreclosed upon and sold at the Trustee's sale on March 12, 2013 by Executive Trustee Services LLC, and acted as a fully appointed Trustee under the DOT.

12.     Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate organization that is the alleged Beneficiary mentioned in the Assignment of Deed of Trust.

/ / /

13.   Plaintiff is ignorant of the true names and a capacity of defendants sued herein as DOES 1-50 and therefore sues these defendants by such fictitious names.   Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

14.   Defendants sued herein as DOES 1-50 are contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this Complaint, and that each of said fictitiously named Defendants is indebted to Plaintiff as hereinafter alleged.

15.   Plaintiff is informed and believe and thereon alleges that, at all times mentioned herein, Defendants were agents, servants, employees, alter egos, superiors, successors in interest, joint ventures and/ or co-conspirators of each of their co-defendants and in doing the things herein after mentioned, or acting within the course and scope of their authority of such agents, servants, employees, alter egos, superiors, successors in interest, joint ventures and/ or co-conspirators with the permission and consent of their co-defendants and, consequently, each Defendant named herein, and those Defendants named herein as DOES 1-50, inclusive, are jointly and severely liable to Plaintiff for the damages and harm sustained as a result of their wrongful conduct.

16.    Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff, as alleged herein.  In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

17.    Any applicable statutes of limitations have been told by the Defendants' continuing, knowing, and active concealment of the facts alleged herein.   Despite exercising reasonable diligence, Plaintiff could not have discovered, did not discover, and was prevented from discovering, the wrongdoing complained of herein.

18.    In the alternative, Defendants should be stopped from relying on any statutes of limitations.  Defendants have been under a continuing duty to disclose the true character, nature, and quality of their financial services and debt collection practices.

19.    Defendants owed Plaintiff an affirmative duty of full and fair disclosure, but knowingly failed to honor and discharge such duty.

/ / /

# IV. STATEMENT OF THE CASE

20.     On January 22, 2010, Plaintiff executed a promissory note ("Note") in favor of SunTrust Mortgage Inc, in the amount of $301,600.00 secured by a Deed of Trust ("Deed of Trust" or "Mortgage") for the finance of real property located at 4414 Newton Ave San Diego, CA 92113.

21.     Subsequently, Defendants attempted but failed to assign or transfer Plaintiff's Note to GMAC. As such, Defendant has no authority to collect on the Note and enforce the Deed of Trust. Despite Defendants' failure to perfect a security interest, GMAC and its agents have attempted to collect on this Note and enforce the Deed of Trust with the knowledge that they have no legal right to do so. In addition to violating the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act.

22.     Defendants knowingly concealed their lack of an enforceable security interest by fabricating and recording false documents in the San Diego County Recorder's Office. Defendants' conduct is not only unfair and fraudulent, but also constitutes a violation of California Penal Code section 532(0(a)(4). 1 Through this action.

23.     Plaintiff seeks damages resulting from Defendants' unlawful conduct and a declaratory judgment establishing that Defendants have failed to

substantiate a perfected security interest in the Note and Deed of Trust (collectively referred to as "Loan").

24.    Simply put, Defendants have no legal, equitable, or pecuniary interest in the Note and Deed of Trust.

25.    In the alternative, if the Court finds that any of the Defendants have an enforceable security interest in this the Note or Deed of Trust, Plaintiff maintains that Defendants have breached Section 2 of the Deed of Trust and the Implied Covenant of Good Faith and Fair Dealing, by charging improper fees and miscalculating and misapplying payments to offset both principal and interest, in addition to the statutory Provisions listed above.

26.    Plaintiff, Juana Monreal at all times relevant has been a resident of the County of San Diego, State of California and the owners of Real Property, including but not limited to the property at issue herein, 4414 Newton Ave San Diego CA 92113 and the legal description is described as:

APN # 551-181-03-00.

Lot 3 Block B, Highland Square in the City of San Diego County of San Diego, State of California, according to Map thereof No. 1899 filed in the Office of the County Recorder of San Diego, March 22, 1926.

///

## V. FACTUAL ALLEGATIONS

27.    On August 29, 2006 a document entitled "Deed of Trust" (hereinafter referred as "DOT") was recorded against the Property as Document No. 2006-0616147. A promissory note ("Note") was borrowed on August 17, 2006 in the amount of $ 301,600.00. That DOT lists Mrs. Juana Monreal as the Borrower (or "Trustor"), Suntrust Mortgage, Inc. as the Lender, and Jackie Miller as the Trustee. MERS was listed as the Beneficiary. A true and correct copy of that Deed of Trust Document No. 2006-0616147 is attached hereto as Exhibit **A** and incorporated herein by reference.

28.    On August 31, 2012 a document entitled "Assignment of Deed of Trust" was recorded against the Property as Document No. 2012-0527658. It states, "For Value Received, the undersigned hereby grants, assigns and transfers to DEUTSCHE BANK NATIONAL TRUST COMPANY SOLELY AS TRUSTEE FOR HARBOURVIEW MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-14 all beneficial interest under that certain DOT dated August 17, 2006." It was purportedly signed with no date given by "Mary Xiong" as "Assistant Secretary" for MERS, the Lender and Beneficiary mentioned in the DOT. A true and correct copy of that Assignment of Deed of Trust Document No. 2012-0527658 is attached hereto as Exhibit **B** and incorporated herein by reference.

29.    Document No. 2012-0527658 was notarized by "Lisa M. Spurbeck" on August 24, 2012 in the County of Ramsey, State of California. In Minnesota, documents requiring acknowledgments by a Notary normally do not need to be signed in the Notary's presence. They do, however, require the purported signer to provide satisfactory evidence that they actually signed the document. This does not appear to have occurred in the execution and notarization of Document No. 2012-0527658 as the Plaintiff alleges that the Jurat of the Notary Public is incomplete.

30.    On November 09, 2012 a document entitled "Substitution of Trustee" was recorded against the Property as Document No. 2012-0701420. It states "JACKIE MILLER was the original Trustee, and MERS as nominee for Suntrust Mortgage, Inc., its successors and assigns was the original Beneficiary under that certain DOT… hereby substitutes ETS as Trustee under said DOT." It was signed and executed on October 04, 2012 by "Jeanette Piccone" as "Authorized Officer" for GMAC Attorney in Fact for Deutsche Bank. A true and correct copy of that Substitution of Trustee Document No. 2012-0701420 is attached hereto as Exhibit **D** and incorporated herein by reference.

31.    Plaintiff alleges that Document No. 2012-0701420 violates the Deed of Trust, specifically paragraph 24. That section of the DOT states, "The instrument shall contain the name of the original Lender… the book and page

where this Security Instrument is recorded... and address of the successor trustee." The Substitution of Trustee that was recorded did not contain any of these elements and is therefore invalid.

32.    Plaintiff requests the court to deem the Security Instrument known as Document No. 2012-0701420 void. In the alternative, the Plaintiff asks the court to take action against the instrument by remanding, rescinding, and/or cancelling the document.

33.    On November 09, 2012 a document entitled "Notice of Default and Election to Sell under Deed of Trust" was recorded against the Property as Document No. 2012-0701421 alleging a default on the DOT. It states that "Deutsche Bank as Trustee pursuant to that HarbourView Mortgage Loan Pas-Through Certificates, Series 2006-14." The notice was purportedly signed on November 07, 2012 by "Maricela Miseroy" as "Trustee Sale Officer" on behalf of Executive Trustee Services LLC, acting as "Agent for the Beneficiary" under the DOT. A declaration asserting compliance with Civil Code § 2923.5 is attached to that notice and purportedly was signed on November 07, 2012 by "Maricela Miseroy" as "Trustee Sale Officer" on behalf of Executive Trustee Services LLC. A true and correct copy of that Notice of Default and Election to Sell under Deed of Trust Document No. 2012-0701421 is attached hereto as Exhibit **E** and incorporated herein by reference.

34.     However the Declaration of Due Diligence attached states that due diligence to contact the Borrower was tried, which plaintiff asserts is not true, pursuant to California Civil Code §2923.5, therefore making the Notice of Default void.

35.   On February 15, 2013 a "Notice of Trustee's Sale" was recorded against the Property as Document No. 2013-0103723. It states that ETS Service, "as duly appointed Trustee pursuant to the DOT recorded 08/17/2006, as Instrument No. 2006-0103723. [The DOT] would sell, "all right, title, and interest conveyed to and now held by it under said DOT" with a date of sale scheduled upon 03/12/3013 at 10:30 AM. The notice purportedly was signed on February 15, 2013 by "Omar Solorzano" as "Authorized Agent" for ETS. A declaration asserting an exemption to the timeframe requirement under Civil Code § 2923.52(a) is missing. A true and correct copy of that Notice of Trustee's Sale Document No. 2013-0103723 is attached hereto as Exhibit **F** and incorporated herein by reference.

36.     Plaintiff is informed and believes and thereon alleges that, Notice of Trustee's Sale recorded as Document No. 2013-0103723 is without force or effect, Trustee's sale would be ineffective. Therefore ETS would lack power of sale or any other authority of a legitimate Trustee.

37.     Additionally, the Trustee's Deed Upon Sale, recorded, in which ETS

purports, "as Trustee (whereas so designated in the DOT hereunder more particularly described or a duly appointed Trustee) does hereby grant and convey to Unknown investor (Herein called Grantee), but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the DOT in and to the Property

## IMPROPER SUBSTITUTION OF TRUSTEE DUE TO THE LACK OF AN AGENCY RELATIONSHIP

38.     Plaintiff alleges that the Substitution of Trustee is invalid because the person executing it on behalf of the Beneficiary, "Jeanette Piccone" as "Authorize Officer" for GMAC, is not the authorized signer for the Beneficiary. An Affidavit of Mailing attached to the Substitution of Trustee alleging the document is true was signed by "Jeanette Piccone" as "Authorize Officer" for GMAC, agent for Beneficiary was not notarized in signing the document and who lacked the requisite agency relationship.

39.     Section 2934a requires that, in order for a Trustee to be substituted, the Beneficiary or the Beneficiary's agent must record the substitution. Cal. Civ. Code § 2934a(a).

40.     As noted above, Section 2924 requires that a notice of default be recorded by the mortgagee, Trustee, Beneficiary, or authorized agent thereof. Cal. Civ. Code § 2924(a)(1); see also Cal. Civ. Code § 2932.5.

41.   If "Jeanette Piccone" lacked an agency relationship with GMAC, and was not notarized when she executed the Substitution of Assistant Secretary Trustee, the Substitution of Trustee was invalid, such that GMAC was not one of the parties authorized by Section 2924 to record a Notice of Default.

42.   Thus, if "Jeanette Piccone" had no agency relationship with GMAC, all subsequent actions taken by Quality as the Trustee are invalid.

43.   Plaintiff is informed and believes and thereon alleges that no Substitution of Trustee had been recorded appointing GMAC as substitute Trustee for JACKIE MILLER , the Trustee named in the DOT.

44.   Plaintiff is informed and believes and thereon alleges that document No. 2012-0701420 purportedly was signed on behalf GMAC via an attached Affidavit of Mailing, by "Jeanette Piccone" on October 04, 2012 and was not notarized.

**THE FABRICATED ASSIGNMENT OF DEED OF TRUST IS A FRAUDULENT LIEN CONVEYED TO DEUTSCHE BANK NATIONAL TRUST COMPANY SOLELY AS TRUSTEE FOR HARBOURVIEW MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-14.**

45.   On August 31, 2012 a Document No. 2012-0527658, purportedly was signed on behalf of SunTrust Mortgage, Inc as Lender and Beneficiary listed on the DOT. SunTrust Mortgage, Inc granted, assigned and transferred to

DEUTSCHE BANK NATIONAL TRUST COMPANY SOLELY AS TRUSTEE FOR HARBOURVIEW MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-14 as the Beneficiary. It was signed by "Mary Xiong" as "Assistant Secretary" for MERS. No date was given when the document was executed, but it was notarized on August 24, 2012 by "LISA m. Spurbeck "

46.    Plaintiff is informed and believes thereon alleges that Document No. 2012-0527658  signed by "Mary Xiong " was not employed with MERS when the Assignment of Deed of Trust was executed, therefor making the transfer of all beneficial interest under that DOT between MERS to DEUTSCHE BANK is void.

**THE FABRICATED ASSIGNMENT OF DEED OF TRUST IS A FRAUDULENT LIEN CONVEYED TO DEUTSCHE BANK THEREFOR GIVING DEUTSCHE BANK NO AUTHORITY TO ACT AS BENEFICIARY**

47.    On August 31, 2012 a Document No. 2012-0527658, purportedly was signed on behalf of MERS as Beneficiary for Suntrust Mortgage, Inc, and signed by "Mery Xiong" acting as "Assistant Secretary" for MERS. The Assignment of Deed of Trust was notarized by "Lisa M. Spurbeck" on the same date, declaring under penalty of perjury that "Mery Spurbeck" as "Assistant Secretary" had

personally appeared and proven that he/she had executed the Assignment of Deed of Trust in his/her authorized capacity. See Exhibit C herein by reference.

48.     On August 31, 2012  MERS caused a document purporting to be an Assignment of Deed of Trust to be recorded with the County of San Diego the Assignment alleged that "the present Beneficiary under said Deed of Trust...hereby grant, convey, assign, transfer, and set over to Deutsche Bank... as Beneficiary under said Deed of Trust."

49.     Plaintiff alleges that "Jeri Bassett" as "Vice President" for MERS is a "Robo-signer" which is an individual who simply signs thousands of Documents without any legal or corporate authority whatsoever.

50.     These were intentional acts undertaken by MERS, done knowingly with the specific intent that the consequences of their actions be brought to fruition, which they have done as evidenced by the instant debt collection activities.

51.     This Assignment of Deed of Trust is a fraudulent lien claim and the execution, filing and recordation of the document was created for the purpose of facilitating and aiding and abetting the illegal, deceptive and unlawful collection of Plaintiff's mortgage payments.

52.     Plaintiff further alleges that any amount owed under the Note is subject to equitable offset by the actual, consequential, special and punitive

damages owed to Plaintiff

53.    The exact amount is currently unknown, but will be determined upon conducting discovery.

54.    Plaintiff believes this amount will be in excess of the amount of her debt obligation.

55.    Attempting to "assign" or transfer a Deed of Trust by itself, as Defendants did here, does not allow enforcement of Plaintiff Note and Mortgage.

56.    As alleged herein, Plaintiff's Note was not properly negotiated, endorsed and transferred to MERS, who seek to cause its purported authorized agent(s) to collect mortgage payments and engage in other unlawful collection practices.

57.    California Commercial Code section 3301 limits a negotiable instrument's enforcement to the following:

> "Person entitled to enforce" an Instrument means (a) the holder
> of the instrument, (b) a nonholder in possession of the instrument
> who has the rights of a holder, or (c) a person not in possession of
> the instrument who is entitled to enforce the instrument pursuant
> to Section 3309 or subdivision (d) of Section 3418. A person may
> be a person entitled to enforce the instrument even though the

person is not the owner of the instrument or is in wrongful possession of the instrument.

58.   On information and belief, none of the Defendants were, or are, present holders in due course of Plaintiff Note and deed of Trust such that they can enforce Plaintiff obligation and demand mortgage payments.

59.   On information and belief, Deutsche Bank, MERS, nor ETS are the nonholder in possession of Plaintiff's Note and deed of trust who has the rights of the holder.

60.   If there is a holder in due course of Plaintiff's Note at issue, pursuant to California Commercial Code section 3301, et seq. and/or the PSA, it is the entity that can establish a pecuniary, legal and equitable interest in the Property and provide an unbroken chain of title to Plaintiff Note and Deed of Trust.

61.   On information and belief, none of the Defendants were, or are, entitled to enforce Plaintiff Note pursuant to section 3309 or subdivision (d) of section 3418.

62.   Plaintiff alleges that prior to demanding mortgage payments from her, none of the Defendants, nor Doe Defendants, had a secured or unsecured legal, equitable or pecuniary interest in Plaintiff Note and/or Deed of Trust as required under California law — irrespective of who is actually in physical possession of the Mrs. JUANA MONREAL Note and/or Deed of Trust.

63. Plaintiff alleges that, on information and belief, Deutsche Bank, MERS, and ETS and/or its agents are fraudulently enforcing a debt obligation in which they have no pecuniary, equitable or legal interest. Thus, Deutsche Bank, MERS, and ETS, conduct is part of a fraudulent debt collection scheme.

64. The "Assignment" is a fraudulent document and the execution, filing and recordation of the document was created for the purpose of facilitating and aiding and abetting the illegal, deceptive and unlawful collection, and attempts to collect, on Plaintiff's obligation.

65. Plaintiff alleges that prior to demanding mortgage payments from her; none of the Defendants, nor Doe Defendants, had a secured or unsecured legal, equitable or pecuniary interest in Plaintiff Note and/or Deed of Trust as required under California law 2924 — irrespective of who is actually in physical possession of Mr. French's Note.

66. Plaintiff further alleges on information and belief that none of these alleged beneficiaries or representatives on the Notice of Default and/or Notice of Trustee's Sale can prove that they have the authority to conduct the foreclosure. Furthermore, the Defendants listed on the Notice of Default were never assigned the rights under this Deed of Trust to conduct a valid foreclosure sale.

67. Plaintiff further alleges that the foreclosure sale of the Subject Property due to the failed notices and unauthorized parties was not executed in

accordance with the requirements of California Civil Code §2924, §2923.55 and §2923.6.

68.    Plaintiff alleges that Defendants, and each of them, are engaged in and continue to engage in violations of California law including but, not limited to: California Civil Code §2924, §2923.55 and §2923.6, and unless restrained will continue to engage in such misconduct, and that a public benefit necessitates that Defendants be restrained from such conduct in the future.

## VI. FIRST CAUSE OF ACTION:

## BUS. & PROF. CODE § 17200, ET SEQ.

**(Against All Defendants and Does 1 through 50, inclusive)**

69.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.

70.    This claim is brought on behalf of Plaintiff pursuant to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., which provides that that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

71.    Plaintiff contends that Defendants are liable for unfair business acts and/or practices committed in the wrongful foreclosure of his home. These acts

include wrongfully foreclosing upon and selling at Trustee's sale the Property when Defendants had no standing or power of sale to legitimately do so.

72.    The utility of these practices is negligible, if any, when weighed against the harm to Plaintiff, who as a direct result has suffered and continues to suffer egregious and actual harm as set forth above. This harm far outweighs any reasons or justifications that might be asserted for the acts and practices described above.

73.    Plaintiff contends that Defendants had an improper motive in engaging in these practices, seeking to obtain title to the Property in the name of Deutsche Bank as Beneficiary, though they had no legal right or authority to do so. The use of such unfair business acts and practices was under the sole control of Defendants and was deceptively hidden from Plaintiff throughout.

74.    Defendants committed deceptive acts and/or practices as defined by the UCL, in that, among other things, they delivered and posted a notice of Trustee's sale asserting standing and power of sale when they had none, and they foreclosed upon and sold at Trustee's sale the Property, despite their lack of standing and power of sale.

75.    These deceptive acts and practices led Plaintiff to believe he was subject to, and was subjected to, a legitimate foreclosure and Trustee's sale, and they had the capacity, tendency, and/or likelihood to deceive or confuse

reasonable consumers such as Plaintiff into believing that they were lawfully being deprived of their Property.

76.    Defendants also committed unlawful business practices by using fraudulent and ineffective documents to illegitimately foreclose upon and sell the Property at Trustee's sale.

77.    Defendant's practices, as set forth above, were intended to facilitate the unlawful taking of Mr. Calderon's Property and constitute unfair, deceptive and/or unlawful business practices within the meaning of the UCL.

78.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order of this Court requiring Defendants to restore all monies and property that may have been acquired as a result of such unfair, deceptive and/or unlawful business acts or practices.

79.    As a result of these violations of the UCL, Plaintiff is entitled to restitution for out-of-pocket expenses and economic harm.

80.    Pursuant to Cal. Civil Code § 3287(a), Plaintiff is further entitled to pre-judgment interest as a direct and proximate result of the wrongful conduct set forth above.

81.    These amounts are sums certain and capable of calculation, and Plaintiff is entitled to interest according to proof.

/ / /

## VII. SECOND CAUSE OF ACTION:

## INTENTIONAL MISREPRESENTATION

### (Against All Defendants and Does 1 through 50, inclusive)

82.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.

83.    As set forth in detail above, Defendants sent Mrs. Monreal a notice of Trustee's sale, representing that they had the lawful right to foreclose upon and sell the Property at Trustee's sale.

84.    These representations were false as set forth above.

85.    These misrepresentations led Plaintiff to believe that Defendants had a lawful and legitimate right to foreclose upon and sell the Property at Trustee's sale.

86.    Plaintiff contends that Defendants made these representations with the intent to induce Plaintiff into surrendering his property without challenge.

87.    Plaintiff reasonably believed and relied on the representations by the Defendants, and did so because Defendants appeared to be, and held themselves out to be, reputable institutions and businesses.

88.    At the time the Defendants made these representations, they knew them to be false.

89.    As a direct and proximate result of the fraud alleged herein, Plaintiff

has suffered actual harm in an amount to be determined at trial, including, among other things: severe emotional and physical distress; loss of the Property; the initiation of eviction proceedings; damaged credit; financial harm; fees and costs.

90.   Plaintiff alleges that Defendants intended for him to rely on these misrepresentations.

91.   Plaintiff did rely on the above misrepresentations, all to his damage as alleged.

92.   In doing these things, Defendants were guilty of malice, oppression and fraud as defined in Civil Code § 3294, and Plaintiff is, therefore, entitled to recover punitive damages from Defendants in addition to actual damages.

## VIII. THIRD CAUSE OF ACTION:

## NEGLIGENT MISREPRESENTATION

### (Against All Defendants and Does 1 through 50, inclusive)

93.   Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.

94.   As set forth in detail above, Defendants sent Mrs. Monreal a notice of Trustee's sale, representing that they had the lawful right to foreclose upon and sell the Property at Trustee's sale.

95.   These representations were false as set forth above.

96.   These misrepresentations led Plaintiff to believe that Defendants had a

lawful and legitimate right to foreclose upon and sell the Property at Trustee's sale.

97.  Plaintiff contends that Defendants made these representations with the intent to induce Plaintiff into surrendering his property without challenge.

98.  Plaintiff reasonably believed and relied on the representations by the Defendants, and did so because Defendants appeared to be, and held themselves out to be, reputable institutions and businesses.

99.  At the time the Defendants made these representations, they knew or should have known them to be false, and/or lacked any reasonable basis for believing them to be true.

100.  As a direct and proximate result of the negligent misrepresentation alleged herein, Plaintiff has suffered actual harm in an amount to be determined at trial, including, among other things: severe emotional and physical distress; loss of the Property; the initiation of eviction proceedings; damaged credit; financial harm; and fees and costs.

## IX. FOURTH CAUSE OF ACTION:

## FRAUDULENT CONCEALMENT

### (Against All Defendants and Does 1 through 50, inclusive)

101.  Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

102.   Plaintiff alleges that Defendants withheld and suppressed facts about their lack of standing, lack of power of sale, and inability to lawfully foreclose upon and sell the Property at Trustee's sale, all as set forth in detail above.

103.   Defendants were bound to disclose the truth about these matters, but did not.

104.   Plaintiff contends that Defendants knew of Deutsche Bank lack of standing, ETS lack of power of sale and the Defendants' lack of lawful right to foreclose upon and sell the Property at Trustee's sale, but they concealed the true facts from Plaintiff with the intent to induce Plaintiff into surrendering the Property without challenge.

105.   Plaintiff reasonably believed and relied on the representations by the Defendants because they appeared to be, and held themselves out to be, reputable institutions and businesses.

106.   As a direct and proximate result of the fraud alleged herein, Plaintiff has suffered actual harm in an amount to be determined at trial, including, among other things: severe emotional and physical distress; loss of the Property; the initiation of eviction proceedings; damaged credit; financial harm; and attorneys' fees and costs.

107.   Plaintiff alleges that Defendants intended for him to rely on these misrepresentations, as well as the suppression of the true facts as set forth herein.

108.   Plaintiff did rely on the above misrepresentations and suppression of facts, all to his damage as alleged.

109.   In doing these things, Defendants were guilty of malice, oppression and fraud as defined in Civil Code § 3294, and Plaintiff is, therefore, entitled to recover punitive damages from Defendants in addition to actual damages.

## X. FIFTH CAUSE OF ACTION:

## QUIET TITLE (CAL. CODE OF CIVIL PROCEDURE. § 760.010-764.080

### (Against All Defendants and Does 1 through 50, inclusive)

110.   Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

111.   Plaintiff contends that Defendants' lacked, and lacks, standing to authorize and conduct foreclosure and to sell the Property at Trustee's sale or at any time and place thereafter, and that he is the actual owner of the Property and is entitled to possession of the Property.

112.   On information and belief, Plaintiff alleges that Defendants' contends that it had, and has, standing to authorize and conduct foreclosure, and to sell the Property at Trustee's sale, to acquire title to the Property, and to sell the Property to a third party that will claim an interest in that Property adverse to Plaintiff.

113.   However, Plaintiff contends that Defendants' lacked, and lacks, standing to do these things, and that Deutsche Bank neither had nor has any legal

right or basis to foreclose and sell the Property at Trustee's sale or at any time and place thereafter, or to acquire title in the Property, or to sell the Property to a third party that will claim an interest in that Property adverse to Plaintiff.

114.   Consequently, Plaintiff contends that the Trustee's sale is void and invalid, as would be any conveyance of the Property to Defendants', or any sale or conveyance of the Property to any party at any time or place after a Trustee's sale, and that any Trustee's Deed Upon Sale and any subsequent conveyance of the Property and documentation thereof is and would be a nullity without any legal or equitable effect whatsoever, and would not convey the Property, or any right, title, estate, lien, or interest whatsoever in the Property.

115.   Plaintiff also contends that any claims by any potential third party which purports to buy the Property from Defendants' would be without right; that they would have no right, title, stake, lien, or interest whatsoever in the Property, as the Trustee sale is void; the Property was never conveyed to or acquired by Defendants'.

116.   Plaintiff seek a determination of his fee simple title in this action as against Deutsche Bank as of August 17, 2006.

117.   Concurrent with the filing of this Complaint, Plaintiff is filing and recording a Notice of Pendency of Action with the San Diego County Recorder's Office.

118.   The Assessor's Parcel Number of the Property 4414 Newton Ave , Spring Valley CA, 91977    is   #551-181-03-00 and the legal description is described as:

Lot 3 Block B, Highland Square in the City of San Diego County of San Diego, State of California, according to Map thereof No. 1899 filled in the Office of the County Recorder of San Diego, March 22, 1926.

## XI. SIXTH CAUSE OF ACTION:

## <u>DECLARATORY RELIEF</u>

**(Against All Defendants and Does 1 through 50, inclusive)**

119.   Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

120.   An actual controversy has arisen and now exists between Plaintiff on the one hand and Defendants' on the other hand, concerning their respective rights and duties with regard to the Property.

121.   Plaintiff contends that Defendants' lacked, and lacks, standing to authorize and conduct foreclosure and to sell the Property at Trustee's sale or at any time and place thereafter, and that he is the actual owner of the Property and is entitled to possession of the Property.

122.   On information and belief, Plaintiff alleges that Defendants' contends

that it had, and has, standing to authorize and conduct foreclosure, and to sell the Property at Trustee's sale, to acquire title to the Property, and to sell the Property to a third party that will claim an interest in that Property adverse to Plaintiff.

123.   However, Plaintiff contends that Defendants' lacked, and lacks, standing to do these things, and that Defendants' neither had nor has any legal right or basis to foreclose and sell the Property at Trustee's sale or at any time and place thereafter, or to acquire title in the Property, or to sell the Property to a third party that will claim an interest in that Property adverse to Plaintiff.

124.   Plaintiff further contends that neither of the Defendants' or any other agent or party acting in concert with, or on behalf of the Defendants' had any legal right or basis to foreclose upon and to conduct a Trustee's sale of the Property, or to convey the Property to Defendants', or to sell it at any time or place thereafter to any third party; that Deutsche Bank lacks standing to do so, and that Quality lacks power of sale to do so, and that as a result, the Trustee's sale and any subsequent purported sale or conveyance of the Property, including to Deutsche Bank, is void, and that any Trustee's Deed Upon Sale and any subsequent documents purporting to record or memorialize the conveyance of the Property at and/or after the Trustee's sale would be a nullity without any legal or equitable effect whatsoever, and would not convey the Property, or any right, title, estate, lien, or interest whatsoever in the Property.

125. However, on information and belief, Plaintiff allege that Defendants' and other agents or parties acting in concert with, or on behalf of Defendants' contend that they had standing and power of sale to foreclose upon and conduct a Trustee's sale of the Property, to convey it to Deutsche Bank, and to sell it to potential third-party buyers.

126. In light of the foregoing, a judicial declaration is necessary and is appropriate at this time so that Plaintiff on the one hand, and Defendants' on the other hand, might ascertain their rights and duties pursuant to the Property and all matters related to and arising from it.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF 15 U.S.C. § 1611 ET SEQ.

### (Against all Defendants)

127. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.

128. On information and belief, Plaintiff allege that Defendants and each of them are directly or indirectly agents or employees or persons actively involved in the extension of credit as the term is defined under the Truth in Lending Statute (TILA).

129. On information and belief, Plaintiff allege that Defendants and each of them are subject to the requirements of the Truth in Lending Statute (TILA)

and have violated the requirements of the act in that among other things:

    A.    They have refused and continued to refuse to validate or otherwise make a full accounting and the required disclosures as to the true finance charges and fees;

    B.    They have improperly retained funds belonging to Plaintiff in amounts to be determined;

    C.    To disclose the status of the ownership of the loans.

130.   Plaintiff further alleges that these violations are such as to require rescission or cancellation of the loan herein and return of all funds received by Defendants from Plaintiff.

131.   Plaintiff further alleges that he is entitled to compensatory damages in an amount to be determined at trial.

132.   Plaintiff further alleges that he is entitled to attorneys fees according to statute in the event that he retains counsel.

133.   On information and belief, Plaintiff allege that Defendants have acted in violation of the TILA act, willfully, maliciously, oppressively and fraudulently and in conscious disregard for the rights of Plaintiff and as such, Plaintiff is entitled to punitive damages.

/ / /

/ / /

# EIGHT CAUSE OF ACTION

## VIOLATION OF 26 U.S.C. § 2605 ET SEQ.

### (Against all Defendants)

134. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.

135. Based upon information and belief, and on that basis Plaintiff allege that Defendants and each of them are such that they fall within the requirements of the Real Estate Settlement Procedures Act (RESPA).

136. Based upon information and belief, and on that basis Plaintiff allege that Defendants and each of them, placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned.

137. Based upon information and belief, and on that basis Plaintiff allege that Defendants Guild Mortgage, BAC Home Loans and DOE 1 either individually or jointly as "Servicers" as that term is used with the RESPA act and either individually or jointly violated the requirements of 26 U.S.C. § 2605(B) in that the servicing contract or duties there under were transferred or hypothecated without the required notice.

138. Plaintiff alleges that these violations require rescission or cancellation of the loan and a return of all funds received by Defendants from Plaintiff.

139.   Plaintiff further alleges that he is entitled to compensatory damages in an amount to be determined at trial.

140.   Plaintiff further alleges that he is entitled to attorneys fees according to statute in the event that they retain counsel.

### NINTH CAUSE OF ACTION

### VIOLATION OF 15 U.S.C. § 1602 ET SEQ.

### (Against all Defendants)

141.   Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.

142.   Based upon information and belief, and on that basis Plaintiff alleges that the mortgage obtained by her through Defendants, by means unknown obtained and enforced by other Defendants herein falls within the purview of 15 U.S.C. § 1602 et seq., commonly known as the "Home Ownership and Equity Protection Act of 1994 (HOEPA).

143.   Based upon information and belief, and on that basis Plaintiff alleges that the loan was placed in violation of the HOEPA act as it was placed and administered and otherwise utilized without regard to Plaintiff's income or cash flow and with the intention of inducing a default.

144.   Plaintiff became aware of this upon the discovery of Defendants' intent to wrongfully foreclose and sell his property.

145.   As a direct and a legal consequence of the above actions, Plaintiff has been damaged in a sum to be proven at trial.

## TENTH CAUSE OF ACTION

## <u>VIOLATION OF 15 U.S.C. § 1692</u>

### (Against all Defendants)

146.   Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.

147.   Based upon information and belief, and on that basis Plaintiff allege that Defendants and each of them are "debt collectors" either directly or through agents as that term is used in the United States Code.

148.   Plaintiff alleges that he duly and properly on more than one occasion requested validation of the "debt" under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act (FDCPA).

149.   Plaintiff further alleges that Defendants did not respond to his demands in such a ways as to meet the requirements of the act.

150.   Plaintiff is entitled to statutory damages under the FDCPA.

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

A.  Actual damages;

B.  Punitive damages where appropriate;

C.  For interest as permitted by law;

D.  For a judgment:

E.  Declaring that Defendants' had no standing or authority to enforce the Note or DOT against Plaintiff by foreclosing upon and selling at Trustee's sale the Property;

F.  Declaring that the Notice of Default and Trustee Sale are void and without any legal effect;

G.  Declaring that, since August 29, 2006, no party, whether Defendants' or another, has standing or authority to enforce the Note or DOT against Plaintiff by any means;

H.  Declaring that the Trustee's sale conducted on March 12, 2013 is void and without any legal effect whatsoever, as would be any related or subsequent conveyance of any right, title or interest in the Property to any party other than Plaintiff;

I.  Declaring that no party had standing or authority to convey the

Property to Deutsche Bank at the Trustee's sale conducted on August 31, 2012, and that neither Deutsche Bank nor any other party acquired any right, title or interest in the Property as the result of that Trustee's sale;

J.   Declaring that the Trustee's Deed Upon Sale and/or any other document purporting to convey any right, title or interest in the Property to any party or parties other than Plaintiff is void and invalid, and does not convey the Property, or any right, title, estate, lien, or interest whatsoever in the Property to any other party acting in any capacity, other than Plaintiff;

K.   Declaring that any and all claims by Defendants' or any other party acting in any capacity, other than Plaintiff, are without right, and that such parties have no right, title, stake, lien, or interest whatsoever in the Property;

L.   Enjoining and restraining Defendants', as well as their agents, servants, employees, and representatives, and all persons acting in concert with or participating with them, from committing or performing, directly or indirectly, any and all of the following acts: enforcing the Note and/or DOT, foreclosing upon and selling at Trustee's sale the Property, selling, transferring or conveying any

right, title or interest in the Property, evicting Plaintiff from the Property, or engaging in any other conduct adverse to Plaintiff related to or arising from the Note, the DOT and/or the Property;

M.    Restoring to Plaintiff all monies and/or property that Defendants' has acquired as a result of any such act or practice found by this Court to violate the UCL;

N.    Quieting Plaintiff's fee simple title to the Property and establishing that neither the Defendants' nor any other party other than Plaintiff has any right, title, stake, lien, or interest whatsoever in or to the Property;

O.    For costs and attorneys' fees where appropriate; and

P.    For such other and further relief as the Court deems just and proper.

**Jury Demand**

Plaintiff respectfully demands a jury trial on all issues so triable.

Dated March 27, 2013

By:   _J. Monreal_

Juana Monreal, Plaintiff, In Pro Se.

# VERIFICATION

I, JUANA MONREAL, am the Plaintiff in this action. I am authorized to make this verification. I have read the foregoing Complaint and am familiar with the contents thereof. I verify under penalty of perjury under the laws of the State of California and the United States that the matters stated therein are true as to my own personal knowledge, except as to those matters stated on information and belief, and as to those, I believe them to be true. If called upon to testify as to the facts set forth herein, I could do so competently.

Dated this 27TH day of March, 2013, at San Diego, California.

*J. monreal*

JUANA MONREAL, Declarant