1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                        SOUTHERN DISTRICT OF CALIFORNIA

8
JUANA MONREAL, an Individual,        )      Civil No. 13cv743 AJB (NLS)
9                                    )
                    Plaintiff,       )      ORDER GRANTING
10                                   )      DEFENDANTS' MOTION TO
     v.                              )      DISMISS
11                                   )
     GMAC MORTGAGE, LLC FKA          )      (Doc. No. 4.)
12   GMAC MORTGAGE                   )
     CORPORATION; DEUTSCHE BANK      )
13   NATIONAL TRUST COMPANY, A       )
     FEDERALLY CHARTERED             )
14   BANKING INSTITUTION, AS         )
     TRUSTEE PURSUANT TO THE         )
15   HARBOURVIEW MORTGAGE            )
     LOAN PASS-THROUGH               )
16   CERTIFICATES, SERIES 2006-14;   )
     EXECUTIVE TRUSTEE SERVICES      )
17   LLC D/B/A ETS SERVICES, LLC;    )
     MORTGAGE ELECTRONIC             )
18   REGISTRATION SYSTEMS, INC.;     )
     ALL PERSONS UNKNOWN             )
19   CLAIMING ANY LEGAL OR           )
     EQUITABLE RIGHT, TITLE,         )
20   ESTATE, LIEN OR INTEREST IN     )
     THE PROPERTY DESCRIBED IN       )
21   THE COMPLAINT ADVERSE TO        )
     PLAINTIFF'S TITLE, OR ANY       )
22   CLOUD ON PLAINTIFF'S TITLE      )
     THERETO, AND DOES 1-50,         )
23   INCLUSIVE,                      )
                                     )
24                  Defendants.      )
                                     )

25        Presently before the Court is Defendants GMAC Mortgage, LLC ("GMAC"),

26   Executive Trustee Services, LLC, dba ETS Services, LLC ("ETS"), and Mortgage

27   Electronic Registration System, Inc. ("MERS") (collectively, "Defendants") motion to

28   dismiss, (Doc. No. 4), Plaintiff Juana Montreal's ("Plaintiff") Complaint, (Doc. No. 1).

                                        1
                                                              13v743 AJB (JMA)

In accordance with Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral argument.  Accordingly, the motion hearing scheduled for June 20, 2013 is hereby vacated.  For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss in its entirety providing Plaintiff limited leave to amend the complaint in compliance with this order.

## BACKGROUND

On August 17, 2006, Plaintiff borrowed $301,600.00 ("the Loan") from Suntrust Mortgage, Inc. ("Suntrust") to purchase the property located at 4414 Newton Ave., San Diego, California 92113 ("the Property").  (Compl. ¶¶ 26, 27.)  The Loan was memorialized by a Promissory Note (the "Note") and secured by a Deed of Trust ("Deed of Trust") on the Property.  (*Id.* at ¶ 27, Ex. A; Doc. No. 4, Ex. 2.)  The Deed of Trust named MERS as the beneficiary and Jackie Miller as the trustee.  (Doc. No. 1, Ex. A; Doc. No. 4, Ex. 2.)  On August 24, 2012, MERS assigned the beneficial interest in the Deed of Trust ("Assignment of the Deed of Trust") to Deutsche Bank National Trust Company as trustee for Haborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-14 ("Deutsche Bank").  (Compl., Ex. B; Doc. No. 4, Ex. 3.)  The Assignment of the Deed of Trust was recorded in the official records of the San Diego County Recorder's Office on August 31, 2012, as Document No.: 2012-0527658.  (*Id.*)  On October 4, 2012, Deutsche Bank substituted ETS as trustee under the Deed of Trust ("Substitution of Trustee").  (Doc. No. 1, Ex. C; Doc. No. 4, Ex. 4.)  The Substitution of Trustee was recorded in the official records of the San Diego County Recorder's Office on November 9, 2012, as Document No.: 2012-0701420.  (*Id.*)

On November 7, 2012, ETS, as trustee under the Deed of Trust, issued a notice of default and election to sell under the deed of trust ("Notice of Default").  (Compl., Ex. D; Doc. No. 4, Ex. 5.)  The Notice of Default stated that as of November 7, 2012, Plaintiff was in default of the Loan in the amount of $29,987.00.  (*Id.*)  The Notice of Default also informed Plaintiff that she must contact Deutsche Bank to arrange for payment in order to stop foreclosure of the Property.  (*Id.*)  The Notice of Default was recorded in the official

records of the San Diego County Recorder's Office on November 9, 2012, as Document No.: 2012-0701421.  (*Id.*)  On February 12, 2012, ETS recorded a notice of trustee's sale ("Notice of Trustee's Sale") in the official records of the San Diego County Recorder's Office as Document No.: 2013-0103723.  (Compl., Ex. E; Doc. No. 4, Ex. 6.)  The Notice of Trustee's Sale informed Plaintiff that the unpaid balance on the Loan was currently $360,222.88.  (*Id.*)  The Notice of Trustee Sale also informed Plaintiff that the sale of the Property would take place on March 12, 2013.  (*Id.*)  On March 14, 2013, after the Property was sold at auction, ETS executed a trustee's deed ("Trustee Deed"), indicating that the Property had been sold to Aslan Residential I, LLC.  (Doc. No. 4, Ex. 7.)  The Trustee Deed was recorded in the official records of the San Diego County Recorder's Office on March 29, 2013, as Document No.: 2013-0200241.  (*Id.*)

Plaintiff filed the instant complaint on March 28, 2013.  (Doc. No. 1.)  The complaint alleged ten causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, *et seq.*; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) fraudulent concealment; (5) quiet title; (6) declaratory relief; (7) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (8) violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, *et seq.*; (9) violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §§ 2601, *et seq.*; and (10) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*  Plaintiff was originally proceeding pro se, but elected to retain counsel before filing a response to Defendants' instant motion.  (Doc. Nos. 11, 13.)

## LEGAL STANDARD

### I.    Motion to Dismiss

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss, the court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the

non-moving party." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).  Courts are not however, "bound to accept as true a legal conclusion couched as a factual allega-tion." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1949-50 (2009).

A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007).  Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 664, 129 S. Ct. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the com-plaint's deficiencies.  *See Steckman v. Hart Brewing, Inc*., 143 F.3d 1293, 1296 (9th Cir. 1998).

Under Rule 12(b)(6), complaints alleging fraud must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  Rule 9(b) requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Fed. R. Civ. P. 9(b).  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.  A pleading is sufficient under Rule 9(b) if it "state[s] the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Misc. Serv. Workers, Drivers & Helpers v. Philco–Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981) (citations omitted); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.").  Additionally, "the plaintiff must plead facts explaining why the statement

was false when it was made." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted).  Regardless of the title given to a particular claim, allegations grounded in fraud are subject to Rule 9(b)'s pleading requirements.  *See Vess*, 317 F.3d at 1103-04. Thus, even where fraud is not an essential element of a consumer protection claim, Rule 9(b) applies where a complaint "rel[ies] entirely on [a fraudulent course of conduct] as the bases of that claim . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *Vess*, 317 F.3d at 1103-04).

# DISCUSSION

## I.    Defendants' Request for Judicial Notice

Defendants seek judicial notice of seven documents: (1) Grant Deed (Exhibit 1); (2) Deed of Trust (Exhibit 2); (3) Assignment of the Deed of Trust (Exhibit 3); (4) Substitution of Trustee (Exhibit 4); (5) Notice of Default (Exhibit 5); (6) Notice of Trustee's Sale (Exhibit 6); and (7) Trustee's Deed upon Sale (Exhibit 7).  (Doc. No. 5.) The first six exhibits were attached to Plaintiff's complaint and Plaintiff did not otherwise object to Defendants' request.  (Compl., Exs. A-E.)  Accordingly, because each of the documents was recorded in the official records of the San Diego County Recorder's Office, the Court grants Defendants' request with respect to all seven documents.  *See* Fed. R. Evid. 201(b)(2) (stating that the court may take notice of facts that are "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (finding that matters that are part of the public record may be judicially noticed).

## II.    Defendants' Motion to Dismiss

Defendants move to dismiss the entire complaint on three grounds: (1) Plaintiff has not alleged she can tender the full amount due and owing on the Loan; (2) under *Gomes v. Countywide*, 192 Cal. App. 4th 1149 (Cal. Ct. App. 2011), Plaintiff does not have

standing to bring a judicial action to challenge the validity of the nonjudicial foreclosure; and (3) notwithstanding Plaintiff's inability to tender the amount due or Plaintiff's standing to challenge the foreclosure/sale of the Property, each of Plaintiff's claims fail for separate, independent reasons.  (Doc. No. 4 at 3-4.)  The Court considers each of Plaintiff's individual causes of action in turn, addressing Defendants' arguments regarding tender and standing as applicable.

### A.    Violation of the UCL

Plaintiff's first cause of action is for unfair competition in violation of the UCL. (Compl. ¶¶ 69-81.)  California Business and Professions Code Section 17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or practice" and any "unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  Because the statute is written in the disjunctive, it prohibits three separate types of unfair competition: (1) *unlawful* acts or practices, (2) *unfair* acts or practices, and (3) *fraudulent* acts or practices.  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999) (emphasis added).

Plaintiff alleges Defendants violated all three subparts of the UCL.  (Compl. ¶¶ 71, 74, 76.)  As a result, Plaintiff seeks an order requiring Defendants to restore all monies and property that may have been acquired as a result of the alleged unfair, deceptive, and/or unlawful business acts or practices, restitution for out-of-pocket expenses and economic harm, and prejudgment interest.  (*Id*. at ¶¶ 78-80.)  Defendants move to dismiss this cause of action on the basis that Plaintiff fails to allege any unlawful, unfair, or fraudulent business practices because each of the underlying predicate acts in the complaint also fail.  (Doc. No. 4 at 10-11.)

### 1.    Unlawful, Unfair, and Fraudulent Conduct

By proscribing "any unlawful" business practice, Section 17200 "borrows" violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.  Cal. Bus. Prof. Code § 17204.  Thus "violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition]

claim." *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (citing *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-39 (Cal. Ct. App. 1994). To establish "fraudulent acts" under the UCL, a plaintiff must demonstrate that reasonable "members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Under Federal Rule of Civil Procedure 9(b), allegations of fraud or mistake must be stated "with particularity."[1] Furthermore, although the California Supreme Court has yet to define "unfair" in the context of a consumer action, many courts of appeal have held that "an unfair business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Morgan v. AT&T Wireless Servs.*, 177 Cal. App. 4th 1235, 1254 (Cal. Ct. App. 2009). Alternatively, an act is "unfair" under the UCL "if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could have reasonably avoided." *Berryman v. Merit Prop. Mgmt., Inc*., 152 Cal. App. 4th 1544, 1555 (Cal. Ct. App. 2006).

With regard to the unlawful prong, Plaintiff alleges Defendants committed unlawful business practices by using fraudulent and ineffective documents to illegitimately foreclose upon and sell the property at auction. (Compl. ¶ 76.) Plaintiff however does not articulate which statute(s) Defendants allegedly violated, or specify the role of each individual Defendant in this fraudulent scheme. *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (citing *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 541 (9th Cir. 1989)). Therefore, the complaint fails to meet the requirements of Rule 9(b), as it does not inform Defendants of which law(s) Plaintiff alleges were

---

[1] Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *In re Stac Elecs. Sec. Litig*., 89 F.3d 1399, 1405 (9th Cir. 1996) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)) (internal quotations omitted, brackets in original).

13v743 AJB (JMA)

violated, and how each Defendant allegedly violated the specific law(s).  Although the Court can infer that Plaintiff intended to rely on the other violations alleged in the complaint, such reliance fails to defeat Defendants' motion to dismiss for three reasons. First, Plaintiff must clearly allege (within the UCL cause of action) which law(s) or statute(s) she intends to utilize as the predicate acts under the unlawful prong.  Second, even though Plaintiff listed several statutes she alleges were violated in different areas of the complaint, including the background section, merely listing statutes without articulating specific facts to satisfy each element of the identified statute is insufficient.  *See Bejou v. Bank of America, N.A.*, No. F 13-0125 LJO SMS, 2013 WL 1759126, at *5 (E.D. Cal. Apr. 24, 2013); *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1067 (E.D. Cal. 2010) ("The complaint's bare reference to federal statutes and common law claims provides not the slightest inference that [the plaintiff] has a viable UCL claim."). And third, as stated below, because the Court dismisses each of Plaintiff's individual claims, none of these claims can serve as the predicate acts under the UCL's unlawful prong.

Plaintiff's claims under the unfair and fraudulent prongs are similarly defective. Both of these claims allege Defendants committed unfair and fraudulent acts by delivering and posting the Notice of Trustee's Sale and proceeding with the sale of the Property without the legal authority to do so.  (Compl. ¶¶ 71, 74.)  These are the same allegations Plaintiff utilized to support her intentional misrepresentation, negligent misrepresentation, and fraudulent concealment claims.  (Compl. ¶¶ 82-109.)  As stated below, none of these allegations meet the heightened pleading standard under Rule 9(b) because Plaintiff fails to allege how each individual Defendant participated in the alleged fraudulent scheme.  Moreover, because Plaintiff's allegations with respect to the unfair and fraudulent prongs are dependent on Plaintiff's contentions that the Trustee's Sale was void because Defendants did not have standing to foreclose on the Property, (which is at odds with Plaintiff's other allegations that this is a contract case and not a wrongful foreclosure case), such allegations also fail because Plaintiff has not alleged sufficient facts to

support her willingness and ability to tender the full amount due under the Loan.  Simply stating she will tender the amount due and owing in insufficient.  *See Mitchell v. Bank of America*, No.: 10cv432 L (WVG), 2011 WL 334988, *3 (S.D. Cal. Jan. 31, 2011); *see also Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1029 (N.D. Cal. 2010) ("While Plaintiff has alleged an 'ability to tender.'  Plaintiff's allegation is conclusory and there are no other facts in the Complaint demonstrating such an ability.").  Furthermore, to the extent Plaintiff's claims under the unfair and fraudulent prongs depend on the viability of Plaintiff's other claims, this argument is also without merit as the Court grants Defendants' motion to dismiss in its entirety.

Therefore, the Court finds Plaintiff has failed to state a claim under either the unlawful, unfair, or fraudulent prongs of the UCL.  Accordingly, Plaintiff's first cause of action for violation of the UCL is DISMISSED without prejudice.

### B.   Intentional Misrepresentation, Negligent Misrepresentation, and Fraudulent Concealment

Plaintiff's second, third, and fourth causes of action allege intentional misrepresentation (count two), negligent misrepresentation (count three), and fraudulent concealment (count four).  (Compl. ¶¶ 82-109.)  The basis of each of these causes of action is Plaintiff's belief that Defendants sent her a notice of trustee's sale indicating that they had a lawful right to foreclose upon and sell the Property, when in fact, such representations were false, Defendants knew such representations were false, Defendants concealed the truth of these matters from Plaintiff, and as a result, Plaintiff suffered direct financial harm.  (*Id*. at ¶¶ 83, 88, 89, 94, 96, 99, 100, 102, 106.)  With respect to the fourth cause of action for fraudulent concealment, Plaintiff also alleges that Defendants were bound to disclose the truth of these concealed facts, but failed to disclose such facts in order to induce Plaintiff to surrender the Property without challenge.  (*Id*. at ¶¶ 103, 104.)  Defendants move to dismiss all three fraud based claims on the basis that Plaintiff lacks standing to challenge the nonjudicial foreclosure sale and the allegations fail to meet the specificity required by Rule 9(b).

Under California law, "[t]he elements of intentional misrepresentation, or actual fraud, are: '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.' " *Anderson v. Deloitte & Touche*, 56 Cal .App. 4th 1468, 1474, 66 Cal. Rptr. 2d 512 (Cal. Ct. App. 1997). To assert a claim for negligent misrepresentation, a plaintiff must allege: (1) the misrepresentation of a past or existing material fact; (2) without reasonable ground for believing it to be true; (3) with the intent to induce another's reliance on the fact misrepresented; (4) justifiable reliance on the misrepresentation; and (5) resulting damage. *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (Cal. Ct. App. 2007). To establish a cause of action for fraudulent concealment, a plaintiff must plead and prove five elements: (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage. *Mktg. West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-13, 7 Cal. Rptr. 2d 859 (Cal. Ct. App. 1992).

Claims alleging intentional misrepresentation, negligent misrepresentation, and fraudulent concealment all sound in fraud and thus must be pled with particularity under Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("Rule 9(b)'s particularity requirement applies to state-law causes of action."). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). " '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.' " *Id.* at 1106 (quoting *Decker v. GlenFed, Inc.*

*(In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994)).  "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  Moreover, in "the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.' "  *Swartz*, 476 F.3d at 765 (citing *Moore*, 885 F.2d at 541).

The Court finds each of Plaintiff's fraud based claims fail for lack of specificity under Rule 9(b), and Plaintiff nevertheless lacks standing to challenge the propriety of the nonjudicial foreclosure.  Plaintiff has not alleged any specific information about who made the alleged misrepresentations, when the alleged misrepresentations were made, the content or form of the represenations, and which Defendants allegedly made which representations.  Instead, Plaintiff alleges that the Notice of Trustee's Sale, which was sent by ETS, contained misrepresentations, which Defendants jointly knew were false.  Thus, Plaintiff does not identify the role of each Defendants in the alleged "fraudulent scheme," as required under Rule 9(b).  Moreover, as stated in more detail below, tender of the amount owed is a condition precedent to any claim for wrongful foreclosure or challenge to an irregularity in a foreclosure sale.  *See Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109, 51 Cal. Rptr. 2d 286 (1996 (tender rule applies to any cause of action for irregularity in sales procedure).  Although Plaintiff goes to great lengths to convince the Court that this is a contract case and not a foreclosure case, Plaintiff's allegations that the foreclosure sale is void as a result of defects in the assignment of the Deed of Trust directly contradicts Plaintiff's prior allegations.  As a result, the Court finds Plaintiff lacks standing to challenge the nonjudicial foreclosure sale.

Furthermore, with respect to Plaintiff's fourth cause of action for fraudulent concealment, Plaintiff has failed to allege how each Defendant was under a duty to disclose the alleged misrepresentations.  Conclusory allegations that "Defendants were bound to disclose the truth of these matters," are insufficient.  Plaintiff must identify the

role of each Defendant in the alleged fraudulent scheme.[2]  (Compl. ¶ 103.)  Moreover, as acknowledged by Defendants, the relationship "between a lending institution and its borrower-client is not fiduciary in nature."  *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1093, n.1 283 Cal. Rptr. 53 (Cal. Ct. App. 1991).  Similarly, loan servicers, like lenders do not owe borrowers any fiduciary obligations, *Downey v. Humphreys*, 102 Cal. App. 2d 323, 332, 227 P.2d 484 (Cal. Ct. App. 1951), and trustees have no duty to provide notice of the sale except as specifically required by statute.  *See* Cal. Civ. Code, § 2924g, subd. (d); *see also Cal. Livestock Prod. Credit Assn. v. Sutfin*, 165 Cal. App. 3d 136, 141–142, 211 Cal. Rptr. 152 (Cal. Ct. App. 1985); *Hatch v. Collins*, 225 Cal. App. 3d 1104, 1111, 275 Cal. Rptr. 476 (Cal. Ct. App. 1990).

Therefore, the Court finds Plaintiff's allegations fail to meet the requirements of Rule 9(b), fail to allege standing to challenge the nonjudicial foreclosure, and fail to allege a duty by each Defendant to support a cause of action for fraudulent concealment. Accordingly, Plaintiff's second, third, and fourth causes of action for intentional misrepresentation, negligent misrepresentation, and fraudulent concealment are DISMISSED without prejudice.

## C.   Quiet Title

Plaintiff's fifth cause of action is for quiet title and seeks a judicial determination of her fee simple title in the Property against Deutsche Bank as of August 17, 2006—the date the Loan was executed.  (Compl. ¶¶ 110-118.)  Plaintiff alleges that Defendants lacked standing to sell the Property at the trustee's sale, and as a result, Plaintiff is the actual owner of the Property because the trustee's sale is void and the transfer of the Property to Aslan Residential I, LLC (the entity that purchased the Property at auction) is without legal or equitable effect.  (*Id.* at ¶¶ 111, 114.)  Defendants move to dismiss this cause of action on the basis that Plaintiff cannot quiet title to the Property without paying or tendering the sums she borrowed against it.  (Doc. No. 4 at 11.)

---

[2] In response to Defendants' pending motion to dismiss, Plaintiff did not offer any new allegations as to how Defendants were under a "duty" to Plaintiff or otherwise respond to Defendants' arguments for dismissal.

13v743 AJB (JMA)

An action to quiet title may be brought to establish title against adverse claims to real property or any interest therein.  *See* Cal. Code Civ. Proc. § 760.020.  To state a claim for quiet title a plaintiff must set forth the following in a verified complaint: (1) a description of the property, both legal description and street address; (2) the title of the plaintiff, and the basis for that title; (3) the adverse claims to the plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the plaintiff's title against the adverse claims.  Cal. Civ. Proc. Code § 761.020(a)-(e). Moreover, "[i]n order to allege a claim to quiet title, [a p]laintiff must allege tender or offer of tender of the amounts borrowed."  *Ricon v. Recontrust Co.*, No.: 09cv936 IEG (JMA), 2009 WL 2407396, at *6 (S.D. Cal. Aug. 4, 2009); *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (Cal. 1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477, 114 Cal. Rptr. 91 (Cal. Ct. App. 1974) (holding that the trustor is unable to quiet title "without discharging his debt").  The quiet title remedy "is cumulative and not exclusive of any other remedy, form or right of action, or proceeding provided by law for establishing or quieting title to property."  Cal. Code Civ. Proc., § 760.030.

Although Plaintiff submitted a verified complaint that provided the legal description of the Property, the date on which a judicial determination is sought, and a prayer for determination of title, the Court finds Plaintiff has not alleged that Defendants have asserted any adverse claims to title of the Property.  Instead, Plaintiff alleges that GMAC was the loan servicer, ETS was the substituted trustee, and MERS was the beneficiary under the Deed of Trust.  However, as of March 12, 2013, Aslan Residential I, LLC has been conveyed all rights, title, and interest to the Property as a result of the trustee's sale.  Thus, any claim to the Property must be made, if at all, against Aslan Residential I, LLC, which appears to be the basis of Plaintiff's pending state court unlawful detainer action.

Even if the Court found Defendants GMAC, ETS, and MERS (the moving Defendants) asserted a claim against the Property, Plaintiff has failed to plead facts that

tend to show that she has a colorable claim to the Property.  Plaintiff appears to assert she has title to the Property because the trustee's sale was void or invalid.  However, Plaintiff also acknowledges that there is currently a pending unlawful detainer action in San Diego Superior Court against Aslan Residential I, LLC, the entity that purchased the Property at the trustee's sale.  Thus, because a "properly conducted foreclosure sale constitutes a final adjudication of the rights of the borrower and lender, " and Plaintiff has not alleged any irregularities in the non-judicial foreclosure sale, it appears the March 12, 2013 sale resolved the ownership rights to the Property.[3]  *See e.g.*, *Knapp v. Doherty*, 123 Cal. App. 4th 76, 87, 20 Cal. Rptr. 3d 1 (Cal. Ct. App. 2004); *Miller v. Bank of N.Y.*, No.:C 12-2942 PJH, 2013 WL 663928, at * 2 (N.D. Cal. Feb. 22, 2013) ("To the extent that plaintiff seeks to quiet title 'now,' he lacks standing to do so, because the property at issue has already been sold."); *Distor v. U.S. Bank NA*, No.: C 09-02086 SI, 2009 WL 3429700, *6 (N.D. Cal. Oct. 22, 2009) ("[B]ecause the property has already been sold, quiet title is no longer an appropriate action to seek to undo the foreclosure.  Plaintiff's claim to title has already been extinguished."); *Myvett v. Litton Loan Servicing, LP*, No.: CV-08-5797 MMC, 2010 WL 761317, *6 (N.D. Cal. Mar. 3, 2010) ("[P]laintiffs' claim to the property is extinguished as they allege and admit the property has been sold; consequently, plaintiffs' action to quiet title necessarily fails.").

Furthermore, although a plaintiff is not required to make an evidentiary showing that he or she is able to tender the proceeds due and owing on an outstanding debt before pursuing an action to quiet title, the Court finds Plaintiff has not even alleged that she is "financially capable of tendering the loan proceeds."  *Mitchell v. Bank of Am.*, No.: 10cv432 L (WVG), 2011 WL 334988, *3 (S.D. Cal. Jan. 31, 2011); *see also Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1029 (N.D. Cal. 2010) ("While Plaintiff has alleged an 'ability to tender.'  Plaintiff's allegation is conclusory and there are no other facts in the Complaint demonstrating such an ability.").  Requiring a plaintiff to "allege

---

[3] Plaintiff has gone to ample effort to persuade the Court that this is not a foreclosure case, but rather a case based on contract.  (Doc. No. 12 at 1:8-15, 2:21-27, 3:1-7, 8:11-13, 9:4-10.)

either the present ability to tender the loan proceeds or the expectation that they will be able to tender within a reasonable time" is appropriate because "[i]t makes little sense to let the instant rescission claim proceed absent some indication that the claim will not simply be dismissed at the summary judgment stage after needless depletion of the parties' and the Court's resources." *Romero v. Countrywide Bank, N.A.*, No.: C 07-4491 JF (PVT), 2010 WL 2985539 (N.D. Cal. July 27, 2010).

Therefore, the Court finds Plaintiff has failed to state a viable claim for quiet title and amendment of such claim would be futile. *See Lopez v. Chase Home Fin., LLC*, No. 09–0449, 2009 WL 981676, at *7 (E.D. Cal. Apr. 9, 2009) ("If the foreclosure is successful, title will change, and the quiet title claim is an improper means to challenge foreclosure."). Accordingly, Plaintiff's fifth cause of action for quiet title is DISMISSED with prejudice.

### D.   Declaratory Relief

Plaintiff's sixth cause of action is for declaratory relief and seeks a judicial determination of the respective rights and duties of the parties with respect to the Property. (Compl. ¶¶ 119-126.) Defendants move to dismiss this cause of action on the basis that it is derivative of Plaintiff's other claims and thus also fails. (Doc. No. 4 at 12-13.)

Under 28 U.S.C. § 2201(a), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Declaratory relief should be denied if it will "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Wash.*, 759 F.2d 1353, 1356–57 (9th Cir. 1985). A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action. *Manown v. Cal–Western Reconveyance Corp.*, No. 09cv1101 JM (JMA), 2009 WL 2406335, at *6 (S.D. Cal. Aug. 4, 2009).

Here, the Court finds Plaintiff's request for declaratory relief is entirely commensurate with the relief sought through her other causes of action.  Therefore, to the extent Plaintiff is successful in any of her remaining causes of action, this claim is duplicative and unnecessary.  Accordingly, Plaintiff's sixth cause of action for declaratory relief is DISMISSED with prejudice.

### E.   TILA Violation

Plaintiff's seventh cause of action is for violation of TILA.  (Compl. ¶¶ 127-133.) Plaintiff alleges Defendants violated TILA: (1) by refusing and continuing to refuse to validate or otherwise make a full accounting and the required disclosures of the true finance fees and charges; (2) improperly retaining funds belonging to Plaintiff; and (3) failing to disclose the ownership of the loans.  (*Id.* at ¶129.)  As a result of these alleged violations, Plaintiff seeks rescission or cancellation of the loan and a return of all funds received by Defendants from Plaintiff, compensatory damages in an amount to be determined at trial, attorneys' fees, and punitive damages in light of Defendants willful and conscious disregard for Plaintiff's rights.  (*Id.* at ¶¶ 130-133.)  Defendants allege that Plaintiff's TILA claims are barred by the applicable statute of limitations and should be dismissed without leave to amend.

### 1.   TILA Damages Claim

TILA seeks to protect credit consumers by mandating "meaningful disclosure of credit terms."  15 U.S.C. § 1601(a).  Its provisions impose certain duties on creditors "to provide borrowers with clear and accurate disclosures of [the] terms [of their loan, including] . . . finance charges, annual percentage rates of interest, and the borrower's rights."  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, 118 S. Ct. 1408, 140 L. Ed. 2d 566 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635, 1638).  If a lender fails to satisfy TILA's disclosure requirements, it is liable for "statutory and actual damages traceable to [its] failure to make the requisite disclosures."  *Id.* (citing 15 U.S.C. § 1640(e)).  A TILA damages claim must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  The statutory period generally "starts at the consumma-

tion of the [loan] transaction." *King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).  However, equitable tolling may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures at the time of loan consummation.  *Id.*

Here, the Court concludes Plaintiff has failed to sufficiently allege a cause of action against Defendants for damages under TILA.  Specifically, Plaintiff fails to allege which provisions of TILA Defendants allegedly violated, how each Defendant allegedly violated the selected TILA provision(s), and when such violations took place.  Instead, Plaintiff relies on conclusory allegations that Defendants have improperly retained funds belonging to Plaintiff, failed to disclose "true finance charges and fees," and failed to make a full accounting.  Such bare bone allegations are not sufficient to put Defendants on fair notice of how each Defendant failed to provide the required disclosures under TILA.

Furthermore, Plaintiff's request for damages under TILA is subject to a one year statute of limitations, typically running from the date the loan transaction was consummated.  15 U.S.C. § 1640(e).  Here, Plaintiff's loan was executed on August 17, 2006, (Doc. No. 5, Ex. 2; Compl., Ex. A), however Plaintiff did not file the instant action until March 28, 2013, approximately six years, seven months, and eleven days after the Loan closed.  This is well beyond the one-year limitation period.  Moreover, although Plaintiff alleges that she did not become aware of the facts that form the basis of her TILA damage claim until after Defendants initiated foreclose proceedings against the Property, Plaintiff fails to allege why she could not have discovered this alleged wrongdoing earlier.  There is no suggestion that Defendants prevented Plaintiff from comparing her loan documents and disclosures with the TILA requirements.  *See, e.g., Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("Nothing prevented [the plaintiff] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements.") (citation omitted); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (stating that the failure to make the required disclosures

13v743 AJB (JMA)

1  occurred, if at all, at the time the loan documents were signed because the plaintiff was

2  aware of the disclosures, or lack of proper disclosures, at that time).  Therefore, the Court

3  finds Plaintiff has failed to allege which provisions of TILA were violated, how each

4  Defendant allegedly violated such provision(s), and why equitable tolling is applicable.

5  Accordingly, Plaintiff's TILA damages claim is DISMISSED without prejudice.

6  **2.    Rescission Claim**

7          In additional to a claim for damages, TILA allows an obligor to rescind a loan

8  transaction under certain circumstances.  However, an obligor's right of rescission under

9  TILA expires, at the latest, "three years after the date of consummation of the transaction

10  *or* upon the sale of the property, *whichever occurs first*."  15 U.S.C. § 1635(f) (emphasis

11  added); *King*, 784 F.2d 910, 915 (9th Cir. 1986).  "Consummation means the time that a

12  consumer becomes contractually obligated on a credit transaction."  12 C.F.R. §

13  226.2(a)(13).  Section 1635(f) is an "absolute limitation on rescission actions," and bars

14  any claim filed more than three years after the consummation of the transaction or sale of

15  the subject property.  *King*, 784 F.2d at 913; *see also Miguel v. Cnty. Funding Corp.*, 309

16  F.3d 1161, 1164–65 (9th Cir. 2002).  To exercise the right to rescind, a borrower must

17  "notify the creditor of the rescission by mail, telegram or other means of written commu-

18  nication."  12 C.F.R. § 226.23(a)(2).

19          Under this statutory scheme, the latest Plaintiff could have exercised her right to

20  rescind would have been three years after the loan transaction, (August 17, 2006), or

21  upon the sale of the Property, whichever occurred first.  *See* 15 U.S.C. § 1635(f).  Here,

22  although the Property was sold at public auction on March 12, 2013, (Doc. No. 5, Ex. 7 at

23  3), Plaintiff consummated her Loan on August 17, 2006, (Doc. No. 1, Ex. A).  Therefore,

24  even though Plaintiff alleges that her TILA rescission claim is not barred by the sale of

25  the Property because an unlawful detainer action is currently pending in San Diego

26  Superior Court, Plaintiff's rescission claim nonetheless expired on August 17, 2009 (prior

27  to the sale of the Property), three years after the consummation of her Loan.  Accord-

28

ingly, the Court finds Plaintiff's TILA rescission claim is barred by the applicable statute of limitations and is therefore DISMISSED with prejudice.

### F.   RESPA

Plaintiff's eighth cause of action alleges Defendants violated RESPA by placing loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned.  (Compl. ¶ 136.)  Plaintiff also alleges that Defendants violated RESPA because the servicing contract or duties were transferred or hypothecated without the required notice.  (*Id.* at ¶ 137.)  Defendants move to dismiss this cause of action on the ground that it is time-barred.

12 U.S.C. § 2607(a) provides that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."  12 U.S.C. § 2605(b)(1) & (d) provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person" and that "[d]uring the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower."   "Servicer" is defined in the statute as, "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)."  12 U.S.C. § 2605(i)(2).  RESPA contains a one year statute of limitations for any action brought pursuant to the above provisions.  *See* 12 U.S.C. § 2614.

The Court concludes Plaintiff has failed to state a claim against Defendants under RESPA.  For example, the complaint fails to allege when any alleged violation of RESPA occurred in relation to the alleged Yield Spread Premium ("YSP"), and how each individual Defendant should/would be liable, as Suntrust was the original lender of the Loan.  (Compl. ¶ 136.)  Furthermore, federal and state courts have rejected the proposition that YSPs are illegal per se.  *See Bjustrom v. Trust One Mortg. Corp.*, 322 F.3d 1201,

1206 (9th Cir. 2003); *Byars v. SCME Mortg. Bankers, Inc*., 109 Cal. App. 4th 1134, 1143-44, 135 Cal. Rptr. 2d 796 (Cal. Ct. App. 2003).  In addition, Plaintiff makes only conclusory allegations that Defendant Guild Mortgage, Defendant BAC Home Loans, and the Doe Defendants were either individually or jointly "Servicers" of Plaintiff's loan as defined under 26 U.S.C. § 2605(B).  Plaintiff does not allege when any such transfer(s) took place, or how the moving Defendants (GMAC, ETS, and MERS) are liable.  Moreover, Plaintiff does not allege any damage as a result of the alleged failure to provide the required notice.  *See* 12 U.S.C. § 2605(f)(1) (borrow can recover "any actual damages to the borrow as a result of the failure").  Finally, as stated above, because the Loan was consummated in 2006, and this action was not commenced until 2013, Plaintiff has failed to sufficiently allege why this claim should not be barred by the one-year limitation period.  Accordingly, Plaintiff's eighth cause of action for violations of RESPA is DISMISSED without prejudice.

### G.   HOEPA Violation

Plaintiff's ninth cause of action alleges her loan is in violation of HOEPA because it was placed and administered without regard for Plaintiff's income or cash flow and with the intention of inducing Plaintiff's default.  (Compl. ¶ 143.)  Plaintiff further alleges that she became aware of this violation "upon the discovery of Defendants' intent to wrongfully foreclose and sell the property."  (*Id.* at ¶ 144.)  Defendants seek dismissal of this cause of action on the ground that is time-barred.  (Doc. No. 4 at 6-7.)

"HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA."  *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1179 (E.D. Cal. 2010) (citation and internal quotation marks omitted).  Therefore, claims for rescission are subject to the three-year statute of limita-tions and claims for damages are subject to the one-year statute of limitations.  *See also Kemezis v. Matthew*, No.: 075086, 2008 WL 2468377, at *3 (E.D. Pa. June 16, 2008) ("HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA.").  In order to be subject to the protections

afforded by HOEPA, one of two factors has to be established—either the annual percent-age rate of the loan at consummation must exceed by more than ten percent the applicable yield on treasury securities, or the total points and fees payable by the consumer at or before closing has to be greater than eight percent of the total amount.  *See* 15 U.S.C. § 1602(aa)(1) & (3); *see also Lynch v. RKS Mortg., Inc.*, 588 F. Supp. 2d 1254, 1260 (E.D. Cal. 2008).  In addition, HOEPA expressly excludes "residential mortgage transactions." 15 U.S.C. § 1602(aa). Among other things, a residential mortgage transaction is for the purpose of "financ[ing] the acquisition or initial construction of such dwelling." Id. § 1602(w).

Here, Plaintiff fails to allege facts to support a finding that the Loan at issue is covered by HOEPA.  *See* 15 U.S.C. § 1602(aa)(1) (describing loans to which HOEPA disclosure requirements apply).  Plaintiff merely states that the Loan falls within the purview of HOEPA.  (Compl. ¶ 142.)  Such conclusory allegations are not sufficient. Furthermore, since the same statute of limitations applies to Plaintiff's HOEPA claims as her TILA claims, the claims are time-barred.  Accordingly, Plaintiff's ninth cause of action for violation of HOEPA is DISMISSED without prejudice.

## H.   FDCPA

Plaintiff's tenth cause of action is for violation of the FDCPA.  (Compl. ¶¶ 146-150.)  Plaintiff alleges that Defendants are "debt collectors," and that Defendants did not respond to Plaintiff's requests for validation of the debt as required under the FDCPA. (Id. at ¶¶ 147-149.)  Defendants move to dismiss this cause of action on the ground that a loan servicer is not a "debt collector" as defined under the FDCPA, and foreclosing on a property pursuant to a deed of trust is not a "debt collection activity."  (Doc. No. 4 at 7-8.)

The declared purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent state action to protect consum-ers against debt collection abuses."  15 U.S.C. § 1692.  To state a claim under the FDCPA, "a plaintiff must allege facts that establish the following: (1) the plaintiff has

been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Adesokan v. U.S. Bank, N.A.*, 2011 U.S. Dist. LEXIS 125591, 2011 WL 5341178, at *4 (E.D. Cal. Oct. 31, 2011). The FDCPA defines "debt collector" as one who collects consumer debts owed to another. 15 U.S.C. § 1692(a)(6). The term does not include any person who collects any debt owed or due to the extent such activity concerns a debt which "was originated by such person" or "was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(ii), (iii). The FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was *not in default at the time it was assigned*." *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (quoting *Perry v. Steward Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)) (emphasis added).

   The Ninth Circuit has yet to determine if foreclosure proceedings constitute "debt collection" within the ambit of the FDCPA, but most district courts within the circuit have found that they do not. *See, e.g., Garfinkle v. JPMorgan Chase Bank*, 2011 U.S. Dist. LEXIS 81054, 2011 WL 3157157 (N.D. Cal. July 26, 2011) (collecting cases); *but see Wilson v. Draper & Goldberg PLLC*, 443 F.3d 373, 376–77 (4th Cir. 2006) (concluding that a plaintiff's " 'debt' remained a 'debt' even after foreclosure proceedings commenced" and the actions "surrounding the foreclosure proceedings were attempts to collect that debt."); *Carter v. Deutsche Bank Nat. Trust Co.*, 2010 U.S. Dist. LEXIS 44984, 2010 WL 1875718, at *1–2 (N.D. Cal. May 7, 2010) (discussing split in authority and declining to dismiss plaintiff's FDCPA claim at the pleading stage).

   Here, although Plaintiff alleges Defendants are "debt collectors," she fails to specifically allege facts indicating that any of the Defendant are "debt collectors" as defined under the FDCPA. Conclusory allegations simply parroting the language of the statute will not suffice. Furthermore, Plaintiff admits in the complaint that Defendant

1   GMAC is the "loan servicer for the subject loan of this action." (Compl. ¶ 8.) Therefore,

2   because "[a] mortgage servicing company is not a debt collector within the meaning of

3   the FDCPA," Plaintiff cannot maintain a FDCPA claim against Defendant GMAC.

4   *Jelsing v. MIT Lending*, No. 10cv416 BTM (NLS), 2010 U.S. Dist. LEXIS 68515, 2010

5   WL 2731470 (S.D. Cal. July 9, 2010). Moreover, although it remains unclear whether

6   ETS or MERS is a "debt collector," Plaintiff nevertheless fails to state a claim for

7   violation of the FDCPA against either Defendant because Plaintiff does not allege that

8   either ETS or MERS "attempted to collect a debt" from Plaintiff. Even if Plaintiff

9   alleged that the foreclosure action was an "attempt to collect a debt," the law is unsettled

10  as to whether foreclosure proceedings constitute collection of a debt. *Nool*, 653 F. Supp.

11  2d at 1053 (quoting *Perry*, 756 F.2d at 1208). Furthermore, Plaintiff does not allege how,

12  when, or to whom she "requested validation" of the debt, or how Defendants responded.

13  Therefore, the Court finds Plaintiff's allegations are insufficient to state a claim for

14  violation of the FDCPA, and amendment would be futile because the Loan was not in

15  default before it was assigned.[4] Accordingly, Plaintiff's tenth cause of action for

16  violation of the FDCPA is DISMISSED with prejudice.

## CONCLUSION

18      For the reasons set forth above, the Court GRANTS Defendants' motion to

19  dismiss. (Doc. No. 4.) Specifically, the Court makes the following findings:

20      1.      GRANTS Defendants' motion to dismiss with respect to the First Cause of

21              Action (UCL), Second Cause of Action (intentional misrepresentation),

22              Third Cause of Action (negligent misrepresentation), Fourth Cause of

23              Action (fraudulent concealment), Seventh Cause of Action (TILA damages

24              claim), Eighth Cause of Action (RESPA), and Ninth Cause of Action

25              (HOEPA damages claim) without prejudice.

---

[4] Plaintiff did not specifically respond to Defendants arguments for dismissal of the FDCPA cause of action in her response. (Doc. No. 12.)

2.     GRANTS Defendants' motion to dismiss with respect to the Fifth Cause of Action (quiet title), Sixth Cause of Action (declaratory relief), Seventh Cause of Action (TILA rescission claim), and Tenth Cause of Action (FDCPA) with prejudice.

3.     Plaintiff may file an amended complaint to cure the deficiencies noted above.  No new parties or claims may be added without leave of Court. Failure to file an amended complaint by **July 5, 2013** will result in dismissal of the action.

IT IS SO ORDERED.

DATED:  June 4, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge

24                                                          13v743 AJB (JMA)