# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA MONREAL, an Individual,<br><br>    Plaintiff,<br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY; GMAC MORTGAGE, LLC; EXECUTIVE TRUSTEE SERVICES LLC D/B/A ETS SERVICES, LLC; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; AND DOES 1-50, INCLUSIVE,<br><br>    Defendants. | Civil Case No. 13cv00743 AJB (NLS)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND CLOSING CASE<br><br>(Doc. No. 20) |

Presently before the Court is Defendants GMAC Mortgage, LLC ("GMAC"), Executive Trustee Services, LLC, d/b/a ETS Services, LLC ("ETS"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") motion to dismiss Plaintiff Juana Montreal's ("Plaintiff") First Amended Complaint ("FAC").[1]

---

[1] Defendants also requested judicial notice of seven documents: (1) Grant Deed, (Ex. 1); (2) Deed of Trust , (Ex. 2); (3) Assignment of the Deed of Trust, (Ex. 3); (4) Substitution of Trustee, (Ex. 4); (5) Notice of Default, (Ex. 5); (6) Notice of Trustee's

(Doc. No. 20.) Defendant Deutsche Bank National Trust Company ("Deutsche Bank") filed a notice of joinder in Defendants' motion to dismiss on October 1, 2013.[2] (Doc. No. 26.) In accordance with Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral argument. (Doc. No. 25.) For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss Plaintiff's claims arising under federal law with prejudice, and declines to exercise supplemental jurisdiction over the remaining state-law claims. Therefore, the remaining state-law claims are dismissed without prejudice. Accordingly, the Clerk of Court is instructed to enter judgment and close the case.

## BACKGROUND

### I.     Factual Background

On August 17, 2006, Plaintiff borrowed $301,600.00 ("the Loan") from Suntrust Mortgage, Inc. ("Suntrust") to purchase the property located at 4414 Newton Ave., San Diego, California 92113 ("the Property").[3] (FAC ¶¶ 9, 42.) The Loan was memorialized by a Promissory Note (the "Note") and secured by a Deed of Trust ("Deed of Trust") on the Property. (*Id.* at ¶ 42, Ex. B; Doc. No. 21, Ex. 2.) The Deed of Trust named MERS as the beneficiary and Jackie Miller as the trustee.[4] (Doc. No. 21, Ex. 2 at 1.) On August 24, 2012, MERS assigned the beneficial interest in the Deed of Trust ("Assignment of the

---

Sale, (Ex. 6); and (7) Trustee's Deed upon Sale, (Ex. 7). (Doc. No. 21.) The Court GRANTS the request because the documents are "not subject to reasonable dispute" and are matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

[2] On October 9, 2013, Plaintiff filed an opposition to Deutsche Bank's notice of joinder. (Doc. No. 27.) Plaintiff argues Deutsche Bank should not be allowed to join in Defendants' pending motion to dismiss because Deutsche Bank did not file the notice of joinder within the twenty-one day time limit provided for in Federal Rule of Civil Procedure 12(a)(1)(A)(i). The Court does not agree and finds Deutsche Bank properly joined Defendants' pending motion to dismiss.

[3] The factual allegations in the FAC remain largely unchanged from the allegations in the original Complaint.

[4] Plaintiff attached a copy of the Deed of Trust to the FAC. (Doc. No. 18, Ex. B.) However, because Plaintiff's attachment omitted the first page of the Deed of Trust, the Court references the Deed of Trust included in Defendants' request for judicial notice. (Doc. No. 21, Ex. 2 at 1.)

Deed of Trust") to Deutsche Bank, as trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-14. (FAC, Ex. C; Doc. No. 21, Ex. 3.) The Assignment of the Deed of Trust was recorded in the official records of the San Diego County Recorder's Office on August 31, 2012, as Document No.: 2012-0527658. (*Id.*)

On October 4, 2012, Deutsche Bank substituted ETS as trustee under the Deed of Trust ("Substitution of Trustee"). (FAC, Ex. D; Doc. No. 21, Ex. 4.) The Substitution of Trustee was recorded in the official records of the San Diego County Recorder's Office on November 9, 2012, as Document No.: 2012-0701420. (*Id.*) The Substitution of Trustee was signed by Jeannette Piccone as "Authorized Officer." (*Id.*) The Substitution of Trustee was then notarized by John Nitkiewicz, declaring under penalty of perjury that Jeannette Piccone had personally appeared and proven that she had executed the Substitution of Trustee in her authorized capacity. (*Id.*)

On November 7, 2012, ETS, as trustee under the Deed of Trust, issued a notice of default and election to sell under the Deed of Trust ("Notice of Default"). (FAC, Ex. E; Doc. No. 21, Ex. 5.) The Notice of Default was signed by Maricela Miseroy as "Trustee Sale Officer." (*Id.*) The Notice of Default stated that as of November 7, 2012, Plaintiff was in default in the amount of $29,987.00. (*Id.*) The Notice of Default also informed Plaintiff that she must contact Deutsche Bank to arrange for payment in order to stop foreclosure of the Property. (*Id.*) The Notice of Default was recorded in the official records of the San Diego County Recorder's Office on November 9, 2012, as Document No.: 2012-0701421. (*Id.*)

On February 12, 2013, Omar Solorzano, as authorized agent for ETS, recorded a Notice of Trustee's Sale ("Notice of Trustee's Sale"). (FAC, Ex. F; Doc. No. 21, Ex. 6.) The Notice of Trustee's Sale was recorded in the official records of the San Diego County Recorder's Office on February 15, 2013, as Document No.: 2013-0103723. (*Id.*) The Notice of Trustee's Sale set a foreclosure sale date of March 12, 2013, and informed Plaintiff that the total amount of the unpaid balance on the underlying obligation, plus

reasonable estimated costs, expenses, and advances, was currently $360,222.88. (*Id.*) On March 14, 2013, after the Property was sold at auction, ETS executed a trustee's deed ("Trustee Deed") indicating that the Property had been sold to Aslan Residential I, LLC ("Aslan Residential"). (Doc. No. 21, Ex. 7.) The Trustee Deed was recorded in the official records of the San Diego County Recorder's Office on March 29, 2013, as Document No.: 2013-0200241. (*Id.*)

## II. Procedural History

Plaintiff filed the original Complaint on March 28, 2013, fifteen days after the Property was sold to Aslan Residential. (Doc. No. 1.) The original Complaint contained ten causes of action, including: (1) violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) fraudulent concealment; (5) quiet title; (6) declaratory relief; (7) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (8) violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; (9) violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §§ 2601; and (10) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (*Id.*)

On June 4, 2013, the Court granted Defendants' motion to dismiss the original Complaint. (Doc. No. 16.) The Court dismissed the first cause of action (UCL), second cause of action (intentional misrepresentation), third cause of action (negligent misrepresentation), fourth cause of action (fraudulent concealment), part of the seventh cause of action (TILA damages claim), eighth cause of action (RESPA), and the ninth cause of action (HOEPA damages claim) with leave to amend. (Doc. No. 16 at 23.) The Court dismissed the fifth cause of action (quiet title), sixth cause of action (declaratory relief), part of the seventh cause of action (TILA rescission claim), and tenth cause of action (FDCPA) without leave to amend. (Doc. No. 16 at 24.) Plaintiff was further instructed that any new claims or parties may not be added without leave of court. (*Id.*) Plaintiff filed the FAC on July 8, 2013. (Doc. No. 18.) The FAC alleges four causes of action against Deutsche Bank, GMAC, ETS, and MERS, including: (1) violation of the UCL;

(2) negligent misrepresentation; (3) violation of RESPA; and (4) violation of HOEPA. (*Id.*)

## LEGAL STANDARD

### I. Motion to Dismiss

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 664. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

## DISCUSSION

The FAC alleges two claims arising under federal law, RESPA and HOEPA, and two claims arising under state law, negligent misrepresentation and violation of the UCL. The Court's subject matter jurisdiction is premised on federal question jurisdiction over the claims arising under federal law, and supplemental jurisdiction over the pendent state-

law claims.[5]  Accordingly, because the Court finds Plaintiff has failed to state a viable cause of action under either RESPA or HOEPA, even after being given an opportunity to amend her pleadings, the Court dismisses the federal causes of action with prejudice, and declines to exercise supplemental jurisdiction over the remaining state-law claims.  As a result, the Court does not address the merits of Plaintiffs' state-law causes of action.

## I.    Claims Arising Under Federal Law

### A.    Violation of RESPA

Plaintiff's third cause of action alleges that defendants Deutsche Bank, GMAC, ETS, and MERS violated RESPA by placing loans with consumers for the purpose of unlawfully increasing, or otherwise obtaining, yield spread fees and sums in excess of what would have been lawfully earned.  (Doc. No. 18 ¶ 126.)  Defendants move to dismiss this claim on the basis that Plaintiff has not made any material alterations to the factual allegations in the original Complaint, which was dismissed by the Court for failing to allege how the statute was allegedly violated, or why the claim is not barred by the applicable one-year statute of limitations.

The Court is inclined to agree.  Despite clear admonishments by the Court in its prior order, the allegations in the FAC do nothing to remedy the prior identified deficiencies.  Once again, Plaintiff's allegations simply parrot the language of the statute, fail to identify when any alleged violation of RESPA occurred, and fail to sufficiently plead how each individual defendant allegedly violated RESPA.  (Doc. No. 16 at 19-20.)  Therefore, the Court finds dismissal of the RESPA claim warranted because the FAC: (1) simply re-incorporates the same deficient factual allegations from the original Complaint; (2) fails to identify the proper defendants; and (3) fails to allege why the claim is not barred by the applicable one-year statute of limitations.

---

[5] Plaintiff also alleges that the Court has subject matter jurisdiction over the action based on diversity of citizenship.  (FAC ¶ 7.)  This is incorrect.  As stated in the FAC, ETS is a California corporation that shares the same domicile as Plaintiff, a California resident.  (*Id.* at ¶ 12.)  Therefore, complete diversity is lacking and the Court's subject matter jurisdiction cannot be premised on diversity of citizenship.

First, a quick comparison of the original Complaint and the FAC evidences Plaintiff's clear disregard of prior Court admonishments and guidance regarding necessary amendments to the original Complaint.  For example, the original Complaint included the following factual allegations:

> 134. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.
> 135. Based upon information and belief, and on that basis Plaintiff alleges that Defendants and each of them are such that they fall within the requirements of the Real Estate Settlement Procedures Act (RESPA).
> 136. Based upon information and belief, and on that basis Plaintiff allege that Defendants and each of them, placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned.
> 137. Based upon information and belief, and on that basis Plaintiff allege that Defendants Guild Mortgage, BAC Home Loans and DOE 1 either individually or jointly as "Servicers" as that term is used within the RESPA act and either individually or jointly violated the requirements of 26 U.S.C. § 2605(B) in that the servicing contract or duties there under were transferred or hypothecated without the required notice.
> 138. Plaintiff alleges that these violations require rescission or cancellation of the loan and a return of all funds received by Defendants from Plaintiff.
> 139. Plaintiff further alleges that he is entitled to compensatory damages in an amount to be determined at trial.
> 140. Plaintiff further alleges that he is entitled to attorneys fees according to statute in the event that they retain counsel.

(Doc. No. 1 at ¶¶ 134-140.)

The FAC is nearly identical:

> 124. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.
> 125. Based upon information and belief, and on that basis Plaintiff allege that Defendants and each of them are such that they fall within the requirements of the Real Estate Settlement Procedures Act (RESPA).
> 126. Based upon information and belief, and on that basis Plaintiff allege that Defendants and each of them, placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned.
> 127. Based upon information and belief, and on that basis Plaintiff allege that Defendants Guild Mortgage, BAC Home Loans and DOE 1 either individually or jointly violated the requirements of 26 U.S.C. § 2605(B) in that the servicing contract or duties there under were transferred or hypothecated without the required notice.
> 128. Plaintiff alleges that these violations require rescission or cancellation of the loan and a return of all funds received by Defendants from Plaintiff.
> 129. Plaintiff further alleges that she is entitled to compensatory damages in an amount to be determined at trial.
> 130. Plaintiff further alleges that she is entitled to attorney's fees according to statute in the event that they retain counsel.

   131. Plaintiff is ultimately seeking cancellation of instruments, specifically the Assignment and the SoT. (FAC ¶¶ 124-131.)

  Second, as noted in the Court's prior order, the FAC includes allegations against defendants that are not even parties to the instant action.  For example, Plaintiff alleges that Defendants Guild Mortgage and BAC Home Loans either individually, or jointly, violated the requirements of 26 U.S.C. § 2605(B).[6]  However, neither Guild Mortgage nor BAC Home Loans are defendants in the instant action.  Plaintiff was previously informed of this exact error in the Court's prior order dismissing the original Complaint, but nonetheless failed to make the necessary amendments before filing the FAC.  Therefore, the Court finds the FAC still fails to identify how any of the named defendants—Deutsche Bank, GMAC, ETS, and MERS—violated RESPA.  Finally, as also noted by the Court in its prior order, RESPA is subject to a one-year statute of limitations. 12 U.S.C. § 2614.  Thus, because the Loan was consummated in 2006, and Plaintiff did not file the instant action until 2013, which is well outside the one year limitations period, the Court is still at a loss as to how the claim should be allowed to proceed.  Neither the FAC nor Plaintiff's opposition addressed the Court's statute of limitations concerns.

  Therefore, the Court finds Plaintiff has failed to make any substantive amendments to the FAC regarding the RESPA claim, and further amendment would be futile.  Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's third cause of action for violation of RESPA with prejudice.  *See Das v. WMC Mortg. Corp.*, No. 10-cv-00650-LHK, 2012 WL 1657111, at *9 (N.D. Cal. May 10, 2012) (dismissing RESPA claim where plaintiffs failed to cure deficiencies in an amended complaint and failed to address deficiencies in their opposition briefs).

---

[6] Additionally, Plaintiff alleges Defendants violated "26 U.S.C. § 2605 *et. seq.*" (FAC ¶¶ IX, 127.)  This statute does not even exist.

### B.    Violation of HOEPA

Plaintiff's fourth cause of action alleges that defendants Deutsche Bank, GMAC, ETS, and MERS violated HOEPA by placing and administering Plaintiff's Loan without regard for Plaintiff's income or cash flow, and with the intention of inducing Plaintiff's default.  (FAC ¶ 134.)  Plaintiff further alleges that she became aware of this violation "upon the discovery of Defendants' intent to wrongfully foreclose and sell his property."[7] (*Id.* at ¶ 135.)  Defendants move to dismiss this claim on the basis that the claim is time-barred, and Plaintiff fails to allege how the Loan at issue is covered by HOEPA.

The Court is once again inclined to agree.  Similar to the RESPA claim, the Court's prior order provided Plaintiff clear guidance as to the necessary deficiencies that had to be corrected prior to the filing of an amended complaint.  Plaintiff however, failed to heed the Court's guidance, and instead elected to file an amended complaint that was substantially similar to the original Complaint.  Therefore, the Court finds dismissal of the HOEPA claim warranted because the FAC: (1) re-incorporates the same deficient factual allegations from the original Complaint; (2) fails to allege how the Loan at issue is covered by HOEPA; and (3) fails to allege any facts to support equitable tolling.

First, as stated above, a comparison between the original Complaint and the FAC exhibits Plaintiff's almost complete disregard of the Court's prior order.  In the original Complaint, Plaintiff alleged:

> 141. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.
> 142. Based upon information and belief, and on that basis Plaintiff alleges that the mortgage obtained by her through Defendants, by means unknown obtained and enforced by other Defendants herein falls within the purview of 15 U.S.C. § 1602 *et seq.*, commonly known as the "Home Ownership and Equity Protection Act of 1994 (HOEPA).
> 143. Based upon information and belief, and on that basis Plaintiff alleges that the loan was placed in violation of the HOEPA act as it was placed and administered and otherwise utilized without regard to Plaintiff's income or cash flow and with the intention of inducing a default.
> 144. Plaintiff became aware of this upon the discovery of Defendants' intent to wrongfully foreclose and sell his property.

---

[7] The Court notes that the FAC erroneously labels Plaintiff as a male, when judicially noticeable documents indicate Plaintiff is a female.  (Doc. No. 21, Ex. 1.)

> 145. As a direct and a legal consequence of the above actions, Plaintiff has been damaged in a sum to be proven at trial.

(Doc. No. 1 at ¶¶ 141-145.)

The FAC is nearly identical:

> 132. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.
> 133. Based upon information and belief, and on that basis Plaintiff alleges that the mortgage obtained by her through Defendants, by means unknown obtained and enforced by other Defendants herein falls within the purview of 15 U.S.C. § 1602 *et seq.*, commonly known as the "Home Ownership and Equity Protection Act of 1994 (HOEPA).
> 134. Based upon information and belief, and on that basis Plaintiff alleges that the loan was placed in violation of the HOEPA act as it was placed and administered and otherwise utilized without regard to Plaintiff's income or cash flow and with the intention of inducing a default.
> 135. Plaintiff became aware of this upon the discovery of Defendants' intent to wrongfully foreclose and sell his property.
> 136. As a direct and a legal consequence of the above actions, Plaintiff has been damaged in a sum to be proven at trial.
> 137. Plaintiff is ultimately seeking cancellation of instruments, specifically the Assignment and the SoT.

(FAC ¶¶ 132-137.) Thus, paragraph 137 is the only new allegation, which does not address any of the Court's identified concerns.

Second, the FAC once again fails to allege the necessary facts to show HOEPA covers the Loan at issue. In order to be subject to the protections afforded by HOEPA, one of two factors must be established: (1) the annual percentage rate of the loan at consummation must exceed by more than ten percent the applicable yield on treasury securities; or (2) the total points and fees payable by the consumer at or before closing has to be greater than eight percent of the total amount. *See* 15 U.S.C. § 1602(aa)(1) & (3); *Lynch v. RKS Mortg., Inc.*, 588 F. Supp. 2d 1254, 1260 (E.D. Cal. 2008). In addition, HOEPA expressly excludes "residential mortgage transactions." 15 U.S.C. § 1602(aa). Among other things, a residential mortgage transaction is for the purpose of "financ[ing] the acquisition or initial construction of such dwelling." *Id.* at § 1602(w). The FAC fails to satisfy any of these requirements, or allege why the exception in § 1602(aa) does not apply. Plaintiff merely states that the Loan falls within the purview of HOEPA. (FAC ¶ 133.) Such conclusory allegations are not sufficient. *See Marks v. Chicoine*, No. C06-

06806SI, 2007 WL 160992, at *8 (N.D. Cal. Jan. 18, 2007) (dismissing HOEPA claim that failed to include facts sufficient to establish the subject loan was a high-risk loan).

Third, even if the Court found HOEPA covered the Loan at issue, Plaintiff still fails to allege any facts to support equitable tolling. "HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1179 (E.D. Cal. 2010) (citation and internal quotation marks omitted). Therefore, claims for rescission under TILA are subject to a three-year statute of limitations, and claims for damages under TILA are subject to a one-year statute of limitations. *See also Kemezis v. Matthew*, No.: 075086, 2008 WL 2468377, at *3 (E.D. Pa. June 16, 2008) ("HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA.").

Here, the Loan was executed on August 17, 2006. (FAC, Ex. B; Doc. No. 21, Ex. 2.) However, Plaintiff did not file the instant action until March 28, 2013, approximately six years, seven months, and eleven days after the Loan closed. This is well beyond both the one-year and three-year limitation periods applicable to HOEPA damages and HOEPA recession claims, respectively. Moreover, although Plaintiff once again alleges that she did not become aware of the facts that form the basis of her claim until after Defendants initiated foreclose proceedings against the Property, such conclusory allegations do not suffice. Plaintiff fails to provide the Court with any reason to believe that she could not have discovered this alleged wrongdoing earlier. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (stating that the limitations period commenced at the time the loan documents were executed "because [plaintiff] could have discovered the alleged disclosure violations and discrepancies at that time"); *Rocha v. Bank of Am., NA*, No. CV 12-1215- GW(JCx), 2012 WL 1267883, at *3 (C.D. Cal. Apr. 12, 2012) (stating that allegations that the plaintiff did not become aware of wrongdoing until foreclosure proceedings commenced is not enough to state a claim for equitable tolling). Therefore, the Court finds Plaintiff could have discovered

any alleged wrongdoing within the applicable statute of limitations, either one-year or three-years, and equitable tolling does not apply.

Therefore, the Court finds Plaintiff failed to rectify the specific deficiencies noted by the Court in its prior order, and further amendment of the HOEPA claim would be futile. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's fourth cause of action for violation of HOEPA with prejudice. *See, e.g.*, *Cervantes*, 656 F.3d at 1045 (dismissal with prejudice was appropriate when the claim was not filed until three years after the statute of limitations ran).

## II.     Supplemental Jurisdiction

Plaintiff's only remaining claims are state-law claims—negligent misrepresentation and violation of the UCL.[8] In the absence of a claim arising under federal law, for which the Court's subject matter jurisdiction is premised, the Court may decline to exercise supplemental jurisdiction over remaining pendant state-law claims. 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it has original jurisdiction.") When the court dismisses all federal-law claims before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Retaining supplemental jurisdiction is within the sound discretion of the court, and will not be disturbed on appeal absent an abuse of discretion. *See Bryant v. Adventist Health Sys./W.*, 280 F.3d 1162, 1165 (9th Cir. 2002).

Here, the Court finds declining to exercise supplemental jurisdiction over the pendant state-law claims appropriate. The parties have not progressed to trial, and neither party has begun discovery. Moreover, the pleadings are still in an early stage, as Plaintiff

---

[8] Plaintiff does not allege any claims arising under federal law as predicate acts under the UCL's "unlawful" prong.

did not file the original Complaint until March 28, 2013. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims that concern predominately state-law issues. *See, e.g.*, *Do v. Bank of Am. Corp.*, No. C 11-01467 SBA, 2012 WL 1094451, at *4 (N.D. Cal. Mar. 29, 2012) (declining to exercise supplemental jurisdiction after dismissing federal claims when action was before court for one year and four days); *Cruz v. Mortg. Lenders Network*, No. 09-cv-1679 BEN (AJB), 2010 WL 3745932, at *4-5 (S.D. Cal. Sept. 20, 2010) (declining to exercise supplemental jurisdiction after dismissing federal claims when action was before court for one year, one month, and sixteen days); *Perez v. Wells Fargo Bank, N.A.*, No. C-11-02279 JCS, 2013 WL 892746, at *14 (N.D. Cal. Mar. 8, 2013) (declining to exercise supplemental jurisdiction after dismissing federal claims when action was before court for over one and one half years).

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss. (Doc. No. 20.) The Court dismisses Plaintiff's RESPA and HOEPA claims with prejudice and declines to exercise supplemental jurisdiction over the remaining state-law claims. The state-law claims are therefore dismissed without prejudice for want of jurisdiction. The Clerk of Court is instructed to enter judgement and close the case.

IT IS SO ORDERED.

DATED: October 22, 2013

Hon. Anthony J. Battaglia
U.S. District Judge